**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| AARON MANOPLA and EVELYN MANOPLA, on behalf of themselves and all other similarly situated<br>　　　　　Plaintiffs,<br><br>　　　　v.<br><br>HOME DEPOT USA, INC., ATLANTIC WATER PRODUCTS and JOHN DOES 1-25,<br>　　　　　Defendants. | Civil Action No. 3:15-cv-01120-PGS-TJB |

**DECLARATION OF ROSS H. SCHMIERER**

I, ROSS H. SCHMIERER, declare:

1. I am also a shareholder with DeNittis Osefchen Prince, P.C ("DOP"), counsel of record for the Plaintiffs in this matter. I am an attorney-at-law in the State of New Jersey, the State of New York, the United States Third Circuit Court of Appeals, the United States District Courts for the District of New Jersey, the Southern District of New York, the Eastern District of New York, the Northern District of New York, the Western District of New York the Northern District of Illinois and the District of Colorado. I respectfully submit this declaration in support of Plaitniff's motion for preliminary approval of the settlement of the above-captioned class action.

2. Along with the Law Offices of Todd M. Friedman and Marcus Zelman, DOP has been respeonsible for prosecuting Plaintiffs's claims.

**Class Action Experience**

3. I have extensive experience in class actions. Over the past ten (10) years, I have represented plaintiffs in more than sixty (60) class actions. These class actions include:

1

- *Ryoo Dental v. OCO Biomedical*, Case No.: Case No.: 2:17-cv-07425-DOC-KES, Central District of California;

- *Carole J. Cirucci v. Title America Agency Corp.*, *Docket No.* CAM-L-1316-14; Superior Court of New Jersey, Camden County, Hon. Anthony M. Pugliese, J.S.C.;

- *Antonio Gonzalez, Michael Paladino and James Winkler v. Ferraro Foods, Inc., Michael Giammarino, Dean Barcelona, Joseph Gonzalez, John Does 1-10, Docket No.* MID-L-001399-12; Superior Court of New Jersey, Middlesex County;

- *Aaron Manopla and Evelyn Manopla v. Home Depot USA, Inc., Atlantic Water Products Inc. and John Does 1-25*; 3:15-cv-01120-PGS-TJB; District of New Jersey;

- *Leebove, et al. v. Maybelline, LLC*, 12-cv-07146-JGK; Southern District of New York;

- *Michelle v. Arctic Zero,* 12-cv-2063-GPC-NLS; Southern District of California;

- *Clarke, et al. v. American Express Company*, 12-cv-07496-LAK; Southern District of New York;

- *In re New Jersey Tax Sales Certificates Antitrust Litigation*, 3:12-cv-01893-MAS-TJB, District of New Jersey;

- *Paige Cooperman et al. v. Galeos*, *LLC et al.,* SA-10-cv-1815 JVS; Central District of California, appointed plaintiffs' co-lead counsel;

- *Naumoski v. The City of Newark et al.*, ESX-L-5104-12 (Law Div. N.J.); *Nedeska v. Edison Twp. et al.,* MID-L-4759-12 (Law Div. N.J.); *DaRocha v. City of Linden et al.*, UNNL-2487-12 (Law Div. N.J.); *McNally v. Twp. of Pohatcong et al.,* L-305-12 (Law Div. N.J.); *McCarthy v. Monroe Twp. et al.*, L-1222-12 (Law Div. N.J.); *King v. Union Twp. et al.*, UNNL-2869-12 (Law Div. N.J.); *Walters v. Borough of Stratford et al.*, L-3560-12 (Law Div. N.J.); *Katsnelson v. Cherry Hill et al.,* L-3651-12 (Law Div. N.J.); *Myers v. Borough of Glassboro et al.*, L-1243-12 (Law Div. N.J.); *Rossini v. Palisades Park et al.*, L-7539-1(Law Div. N.J.);

- *In re: Bank of America Credit Protection Marketing & Sales Practices Litigation* 3:11-md-02269-THE; Northern District of California; appointed to plaintiffs' executive committee;

- *Walker et al v. Discover Financial Services, Inc. et al.*; 1:10-cv-06994; Northern District of Illinois, appointed to plaintiffs' executive committee;

- *MC-K Sales, Inc. and Cantina 1134, LLC v. Discover Financial Services, Inc et al.*, 0:10-cv-2964; Northern District of Illinois;

- *McKinney et al v. HSBC Card Services, Inc. et al.; Case No.* 3:10-cv-00786; Southern District of Illinois;

- *In re: LifeLock, Inc., Marketing and Sales Practices Litigation*; 2:08-md- 01977, District of Arizona *Gerald Falke et al. v. LifeLock, Inc., et al.*; Case No. 21-C-08030505, Circuit Court for Washington County Maryland; *Kevin Gerhold, et al. v. LifeLock, Inc., et al.* Case No. 2:08-0857, Southern District of West Virginia; *Warren Pasternack, et al. v. LifeLock, Inc., et al.*; Case No. 08-cv-02098, District of New Jersey; *In re: LifeLock, Inc., Marketing and Sales Practices Litigation*; 2:08-md-01977, District of Arizona; *Robert Dillon, et al. v. LifeLock, Inc., et al.;* Case No. 2:08-cv-04515, Central District of California; *Vilma Martinez-Azoy, et al. v. LifeLock, Inc., et al.;* Case No. 1:08-cv-21989, Central District of Florida; *In re: LifeLock, Inc., Marketing and Sales Practices Litigation*; 2:08- md-01977, District of Arizona; and *Tommy Ly, et al. v. LifeLock, Inc., et al.;* Case No. 2:08-cv-00242, Central District of California; *In re: LifeLock, Inc., Marketing and Sales Practices Litigation*; 2:08-md-01977, Eastern District of Texas.

4. I was also appointed lead counsel in *Paige Cooperman et al. v. Galeos, LLC et al.*, SA-10-cv-1815 JVS, Central District of California, and to the executive committee in such high-profile cases as *In re: Bank of America Credit Protection Marketing & Sales Practices Litigation*, 3:11-md-02269-THE, Northern District of California and *Walker et al v. Discover Financial Services, Inc. et al.*; 1:10-cv-06994, Northern District of Illinois.

5. I have presented and/or lectured to attorneys on the following class action topics at the following Continuing Legal Education seminars:

- Lecturer, "Latest Developments in Class Action Litigation," New Jersey State Bar Association's 2015 Annual Meeting

- Lecturer, "Pending Consumer Legislation," New Jersey Association for Justice Educational Foundation, Inc.'s 2016 Boardwalk Seminar, April 8, 2016

- Lecturer, "The Evolving Nature of Class Actions in New Jersey," New Jersey State Bar Association's 2016 Annual Meeting

- Lecturer, "Telephone Consumer Protection Act Basics," New Jersey Association for Justice Educational Foundation, Inc.'s, 2017 Boardwalk Seminar, April 26, 2017

- Lecturer, "The Future of Class Actions in New Jersey," New Jersey State Bar Association's 2017 Annual Meeting

- Lecturer, "Legislative Update," New Jersey Association for Justice Educational Foundation, Inc.'s, 2018 Boardwalk Seminar, May 10, 2018

- Lecturer, "Class Actions At The Crossroads," New Jersey State Bar Association's 2018 Annual Meeting

- Lecturer, "Forced Arbitration," New Jersey Association for Justice Educational Foundation, Inc.'s, 2019 Boardwalk Seminar, May 10, 2019

- Lecturer, "Class Actions: Perpsectives on Key Issues," New Jersey State Bar Association's 2019 Annual Meeting

A. **Counsel's Investigation**

6. Before filing the action, the undersigned, Marcus Zelman and the Law Offices of Todd M. Friedman (collectively "Plaintiffs' Counsel") conducted a robust investigation into this matter, including researching the defendants, factual and legal research into the underlying mertis of the claims as well as the likehood of class action certification. Moreover, Plaintiffs' Counsel interviewed the name Plaintiffs in this action as well as the surrounding circumstances regarding the alleged TCPA violations at issue herein.

7. In January 2015, Plaintiffs filed this class action alleging that AWP, acting on behalf of Home Depot, made telemarketing prerecorded calls and/or utilized an ATDS without obtaining "prior express written consent" to make such telemarketing calls, as required by the TCPA. *See* Third Amended Complaint ("Complaint"), Doc. #32.

B. **Procedural History**

8. Initially, Plaintiffs filed a complaint in this matter solely against Home Depot. *See* Doc. #1. Thereafter, Home Depot interposed an answer (Doc. # 8) and the Court subsequently scheduled a Rule 16 Conference for May 12, 2015. *See* Doc. #9. Shortly thereafter, however,

4

Plaintiffs were made aware that AWP should also be a defendant in this matter. As such, Plaintiffs amended the pleading to bring AWP into this lawsuit. *See* Doc. #10. In response to our amended pleading, AWP filed a motion to dismiss arguing that the complaint failed to support "the [Plaintiffs'] conclusory allegation that an automatic telephone dialing system ["ATDS"] was used to make the alleged calls." *See* Doc. #15 at pg. 2. By contrast, Home Depot simply interposed an Answer. *See* Doc. #16. AWP's motion resulted in the adjournment of the Rule 16 Conference.

9. In response to AWP's motion, Plaintiffs cross-moved seeking to file an amended pleading and pointed the Court to the FCC's recent ruling regarding ATDS. See Doc. #21. In turn, AWP claimed this amendment of the complaint would be futile and argued that the FCC Ruling and Order regarding the ATDS definition was unconstitutionally overbroad or vague. *See* Doc. #22. Thereafter, the Court entertained extensive oral argument and ultimately granted Plaintiffs' cross-motion and denied AWP's motion. *See* Doc. #27.

### C. Discovery and First Mediation

10. Plaintiffs respectfully submit that the discovery in this case was substantial. After the initial conference held on September 28, 2015, the Parties propounded their first set of written discovery requests. Plaintiffs written discovery requests: (i) targeted Defendants' alleged telemarketing policies and practices; (ii) sought information and correspondence relating to the relationship between Home Depot and AWP as well as their vendors; and (iii) sought calling data necessary to establish the scope of the alleged TCPA violations. Following several meet and confer letter exchanges and telephone calls, the Parties exchanged certain paper discovery in response to the same.

11. Thereafter, the Defendants deposed Evelyn and Aaron in January 2016. In addition to this deposition, Plaintiffs took the Rule 30(6)(6) deposition of Home Depot on March 18, 2016 in Atlanta, Georgia.

12. Following the initial exchange of written discovery and the aforementioned depositions, the Parties agreed to mediate with the Honorable Joel B. Rosen (Ret.), an experienced class action mediator. After spending an entire day with Judge Rosen, the mediation was ultimately unsuccessful.

13. After the unsuccessful mediation attempt with Judge Rosen, the Parties engaged in additional written discovery. In response to Plaintiffs' discovery demands, the Defendants produced thousands of pages of documents and correspondence, including documents regarding the relationship between AWP and Home Depot. Thereafter, the Plaintiffs took the Rule 30(6)(6) deposition of AWP on August 18, 2016.

14. In addition to this discovery, the Plaintiffs engaged in additional third-party discovery, seeking and obtaining documents and information from non-party Global Connect, the vendor AWP utilized to make the calls at issue herein. The Plaintiffs also engaged in third party discovery with Happle Printing, the vendor AWP used to print the forms containing the water test kit at issue in this litigation. All fact discovery in this matter closed on November 8, 2016. *See* Doc. #45.

**D. Significant Motion Practice**

15. After fact discovery closed, AWP and Home Depot sought permission to brief summary judgment before class certification. In granting this request, the Court stated that if the matter survived summary judgment, the Court would then set a schedule for class certification

briefing. *See* Doc. #45. Thereafter, AWP and HD both made their own Motions for Summary Judgment. *See* Doc. #49 and #50, respectively.

16. Specifically, in its Motion, AWP claimed that: (i) Plaintiffs provided prior express consent for AWP to call them on their cell phone; (ii) AWP's call to them was informational and not a telemarketing call; and (iii) the Plaintiffs did not have Article III standing. For its own separate motion, HD joined in AWP's arguments and additionally argued that: "[i] Plaintiffs cannot establish that Home Depot is vicariously liable for AWP's conduct, [ii] Plaintiffs expressly consented to being called on their cellular telephone with regard to the water test, and [iii] Plaintiffs have suffered no concrete harm from AWP's alleged use of an ATDS or prerecorded voice." *See* Doc. # 50-6 at pg. 7.

17. After extensive briefing and a lengthy oral argument, this Court denied both motions on September 29, 2017. *See* Doc. #64. Specifically, this Court made the following rulings: (i) the first call to the Plaintiffs "clearly shows some type of ATDS was utilized"; (ii) the water purity test form "did not disclose that the an ATDS would be used"; (iii) the written consent was inadequate under the TCPA "because there was no showing that the Manoplas had a clear and unmistakable intent to allow solicitation calls from an ATDS"; (iv) "Home Depot retained substantial control over the arrangement with Atlantic Water through an agreement, which provided for the monitoring and management of the work"; (v) "Home Depot's logos were utilized on the booth and on some of the work clothes of the Atlantic Water representatives"; and (vi) "there is some type of agency relationship between AWP and HD that is an issue that must be decided by the trier of fact." Doc. #67.

18. Thereafter, in the beginning of October, 2017, the parties met and conferred and submitted a Class Certification briefing schedule wherein the Plaintiffs agreed to file their class certification motion by January 29, 2018. *See* Doc. #66.

19. Before filing the class certification motion, however, the Defendants filed a motion pursuant to §1292(b) challenging the Court's ruling on summary judgment. *See* Doc. # 68, Doc. #69. Once again, this motion required extensive briefing. The Court denied the motion and emphasized that the first call "did not serve only informative purposes." Rather, the Court found it was telemarketing as that term is defined under the TCPA because "the call initiated in this case clearly sought to encourage Plaintiff to hire the company for services, namely in-home water testing." *See* Doc. # 76.

20. Following this §1292(b) ruling, the Plaintiffs submitted a robust and comprehensive class certification motion, which was filed on February 2018. *See* Doc. 78.

21. On March 17, 2018, the parties submitted a proposed Order setting out the expert discovery schedule as well as the rest of Class Certification briefing. On March 19, 2018, the Court entered the schedule. *See* Doc. #81. Per the Order, the Defendants deposed both of Plaintiffs' experts by June 7, 2018. Thereafter, the Plaintiffs furnished their expert reports.

22. On July 10, 2018, counsel for AWP wrote to Magistrate Judge Bongiovanni seeking permission to file a motion to stay all proceedings, or, in the alternative, for summary judgment, based on a recent decision vacating, in part, a certain FCC ruling in the case *ACA Int'l v. Fed. Communications Comm'n, 885 F.3d 687* (D.C. Cir. 2018). The next day, the Plaintiffs submitted a detailed letter to Magistrate Judge Bongiovanni asking the Court deny such a request. Thereafter, the Court set a telephone conference for the end of July.

23. On July 27, 2018, the Defendants filed their opposition to the class certification motion as well as a *Daubert* motion seeking to exclude Plaintiffs' expert. *See* Doc. 56. Thereafter, the Court held a phone conference wherein the Parties were directed to fully brief the pending motions and then advise the Court if settlement discussions were appropriate prior to oral argument on the motions.

24. On August 31, 2018, the Plaintiffs' filed their reply in support of the motion to certify class as well as their opposition to Defendants' motion to strike their expert. *See* Doc. 90, 91. Defendants' duly filed their reply to the motion to strike on September 21, 2018. *See* Doc.92.

25. After these motions were fully briefed for the Court, the parties engaged in several meet and confer email exchanges and conference calls to discuss a potential second mediation. On October 1, 2018, the Parties agreed to engage in a second mediation with Hunter R. Hughes, III, Esq., an experienced class action mediator. By the time the Parties commenced the settlement negotiations in this second mediation, they fully understood the size of the proposed class, the strengths and weaknesses of the case, the Court's views on certain key issues as well as the potential extent of class wide damages.

26. On November 30, 2018, the Parties participated in private mediation with Mr. Hughes in Atlanta, Georgia. After a full day of mediation, the Parties were unable to reach a settlement. However, prior to breaking, the Parties agreed to consider a mediator's proposal on a settlement amount, which the Parties both conditionally accepted on December 10, 2018, with the understanding they would then negotiate other material terms. Afterward, the Parties began working towards negotiating the remaining settlement terms. After months of extensive, adversarial negotiations, the Parties negotiated the Class Action Settlement and Release, attached as Exhibit 1.

27.     Plaintiff's Counsel was well-informed about the strengths and weaknesses of their case at the time they reached settlement in the case. I believe the settlement is fair, reasonable, adequate, and in the best interest of the Settlement Class as a whole. Assuming the Court grants the requested attorneys' fees and litigation costs, the Service Award to Plaintiff, and the Claim Administrator's fees and expenses, Plaintiff's Counsel estimates that each Settlement Class Member who submits a claim will receive approximately $1100. This estimate is based on a claims filing rate range of 10%. However, this number could go up or down depending on the number of claims filed. This number is an excellent result for class members.

28.     The named Plaintiffs were willing and able to prosecute this case by assisting with the intial investigation, responding to written discovery, sitting for depositions, and in the event settlement was not reached, testifying at trial. Plaintiffs' support of the settlement is independent of any service award and not conditioned on the Court awarding any particular amount or any award at all.

29.     Plaintiff has retained KCC to administer the settlement and process claims information. KCC estimates the cost of administration will be $127,344.00 for a very robust and comprehensive notice program to ensure the best possible claim's rate. KCC's fees shall be paid from the Settlement Fund.

30.     In my experience, the settlement is an excellent recovery for Settlement Class Members, particularly in light of the risks involved in this case. We are confident in the strength of the case and the ability to prevail both at class certification and at trial. However, litigation is inherently unpredictable, and the outcome of a trial is never guaranteed.

I declare under penalty of perjury, under 28 U.S.C. § 1746, that the foregoing is true and correct and that this declaration was executed on May 23, 2019.

                                        By:    <u>s/ Ross H. Schmierer</u>
                                                        Ross H. Schmierer