# Exhibit 1

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

Plaintiffs Aaron and Evelyn Manopla ("Plaintiffs") and Defendants Home Depot U.S.A., Inc. ("Home Depot") and Atlantic Water Products, Inc. d/b/a Atlantic Water and Air ("AWP")(collectively "Defendants")(hereinafter, "Plaintiffs" and "Defendants" shall be collectively referred to as the "Parties"), by and through their counsel, hereby enter into this Settlement Agreement and Mutual Release providing, subject to Court approval, for the settlement of the claims of Plaintiffs and the Settlement Class against Defendants, as described herein.

### RECITALS:

1.      WHEREAS, Plaintiffs commenced an action against Defendants in the United Stated District Court for the District of New Jersey, captioned *Aaron and Evelyn Manopla, on behalf of themselves and all others similarly situated, v. Home Depot USA, Inc., Atlantic Water Products Inc. and John Does 1-25*, Case No. 3:15-cv-01120-PGS-TJB, alleging: (1) negligent violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA"); and (2) willful violations of the TCPA;

2.      WHEREAS, Plaintiffs specifically alleged that Defendants violated the TCPA by calling Plaintiffs' cellular telephone using an artificial or prerecorded voice utilizing an automatic telephone dialing system without obtaining prior express consent to do so;

3.      WHEREAS, Plaintiffs have asserted these claims on behalf of themselves and a putative class defined in the Third Amended Complaint as "All persons within the United States who received any telephone call/s from Defendants or their agent/s and/or employee/s to said person's cellular telephone made through the use of any automatic telephone dialing system or with an artificial or prerecorded voice within the four years prior to the filing of the

1

Complaint" (the "Putative Class");

4.    WHEREAS, Plaintiffs sought certification of a class consisting of all individuals who received phone calls on their cellular phones or residential landlines from or on behalf of AWP pertaining to a water test program;

5.    WHEREAS, Plaintiffs' action sought redress, on behalf of themselves and the Putative Class, in the form of statutory penalties and compensatory damages;

6.    WHEREAS, Defendants deny the claims of Plaintiffs and the Putative Class, deny that they used an automatic telephone dialing system, and deny that they committed any wrongful act or violated any law or duty including but not limited to the TCPA;

7.    WHEREAS, notwithstanding the above, Defendants have concluded that settlement is desirable to avoid the time, expense, and inherent uncertainties of defending protracted litigation and to resolve finally and completely all pending and potential claims of Plaintiffs and all members of the Settlement Class, as defined below, that were or could have been asserted in this lawsuit relating to the conduct alleged in the Third Amended Complaint;

8.    WHEREAS, Plaintiffs and Defendants have actively litigated the action by, *inter alia*, propounding and responding to extensive written discovery, exchanging voluminous documents, taking several depositions and engaging in significant motion practice including motions to dismiss and motions for summary judgment;

9.    WHEREAS, the parties engaged in two mediations, the second occurring on November 30, 2018, wherein the parties attended an all-day mediation with Hunter R. Hughes, Esq. Taking into account the burdens, uncertainty and risks inherent in this litigation, the Parties have concluded that further prosecution and defense of the action could be protracted, unduly burdensome, and expensive, and Plaintiffs have concluded that it is

2

desirable, fair, and beneficial to the class that the action now be fully and finally compromised, settled and terminated in the manner and upon the terms and conditions set forth in this Settlement Agreement;

10.    WHEREAS, this Settlement Agreement has been reached after arms' length negotiations, subject to the Court approval process set forth herein;

11.    WHEREAS, Plaintiffs recognize the costs and risks of prosecuting this lawsuit, and believe that their interest, and the interest of all members of the Settlement Class, as defined below, in resolving this action and any and all claims against Defendants are best served by and through the terms contained within this Settlement Agreement;

12.    WHEREAS, Defendants also recognize the costs and risks of litigation and believe this settlement is an appropriate means of resolving the disputes between the Parties that are the subject of this lawsuit;

13.    WHEREAS, Defendants enter into this Settlement with no admission of liability;

14.    WHEREAS, solely for purposes of settlement, the Parties agree to the certification of a Settlement Class, as defined below;

15.    WHEREAS, Plaintiffs and Class Counsel (as defined below) believe that the settlement memorialized in this Settlement Agreement offers significant benefits to the Settlement Class Members and is fair, reasonable, adequate and in the best interest thereof; and

16.    WHEREAS, this Settlement Agreement is made and entered into by and among Plaintiffs and Defendants and on behalf of the Settlement Class.

NOW, THEREFORE, it is hereby stipulated and agreed, by and between the undersigned Parties, as follows:

## I.   **DEFINITIONS**

As used in this Settlement Agreement, the following terms shall have the meaning set forth below. Where appropriate, terms used in the singular shall be deemed to include the plural and vice versa.

A.   Action. "Action" shall mean this above-captioned putative class action pending before the United States District Court for the District of New Jersey, Trenton Vicinage, under Case No. 3:15-cv-01120-PGS-TJB.

B.   Claim. "Claim" shall have the meaning set forth in paragraph 3.4 below.

C.   Claim Form. "Claim Form" means the document to be submitted by Class Members seeking cash pursuant to this Settlement Agreement. The Claim Form will be available online on Class Counsel's website and the Settlement Website (defined in paragraphs KK and 5.3.d. below), and the contents of the Claim Form will be approved by the Court. The proposed Claim Form is attached hereto as **Exhibit A**.

D.   Claimant. "Claimant" shall mean a Class Member who submits a claim for cash payment as described in paragraph 3.4 of this Settlement Agreement.

E.   Claims Period. "Claims Period" shall mean the time period during which Claim Forms may be submitted by Class Members and shall conclude ninety (90) days after the entry of the Preliminary Approval Order (defined below) with respect to this Settlement.

F.   Class Counsel. "Class Counsel" shall mean Ross H. Schmierer of DeNittis, Osefchen Prince, P.C., Todd M. Friedman of The Law Offices of Todd M. Friedman, P.C. and Ari Marcus of Marcus & Zelman.

G.   Class Counsel Fees and Expense Award. "Class Counsel Fees and Expense Award" means the amount awarded to Class Counsel by the Court for attorneys' fees, costs,

4

and expenses.

H.      Class Email Notice. "Class Email Notice" shall mean the Court-approved form of email notice to Class Members informing them of: (i) the preliminary approval of the Settlement; (ii) the scheduling of the Final Approval Hearing; and (iii) the opportunity to submit a claim.  The proposed form of this Class Email Notice agreed upon by the Parties is attached hereto as **Exhibit B** and shall be approved by the Court prior to its dissemination.

I.      Class Members. "Class Members" shall mean the members of the Settlement Class.

J.      Class Postcard Notice.  "Class Postcard Notice" shall mean the Court-approved form of postcard notice to Class Members informing them of: (i) the preliminary approval of the Settlement; (ii) the scheduling of the Final Approval Hearing; and (iii) the opportunity to submit a claim. The proposed form of this Class Postcard Notice agreed upon by the Parties is attached hereto as **Exhibit C** and shall be approved by the Court prior to its dissemination.

K.      Class Long Form Notice. The Class Long Form Notice will contain information about the case and the procedure for Class Members to object to and/or opt out of: (i)  the Settlement; (ii) Class Counsel's application for a Class Counsel Fees and Expenses Award; and the application for a Class Representative Incentive Award. The proposed form of this Class Long Form Notice is attached hereto as **Exhibit D.**

L.      Class Representatives. "Class Representatives" shall mean Aaron and Evelyn Manopla.

M.      Common Fund. "Common Fund" shall mean the total commitment of Defendants for purposes of this settlement, as described in Section III of this Settlement Agreement, namely Four Million, Three Hundred and Fifty Thousand Dollars ($4,350,000),

paid by or caused to be paid by Defendants for purposes of effectuating this settlement of this Action, the payment and disposition of which is subject to the provisions of this Settlement Agreement.

N.   Court. "Court" shall mean the United States District Court for the District of New Jersey.

O.   Defendants. "Defendants" shall mean defendant Home Depot U.S.A., Inc. and its parents, subsidiaries and affiliates, along with their predecessor names and/or entities and defendant Atlantic Water Products, Inc. d/b/a Atlantic Water and Air and its parents, subsidiaries and affiliates, along with their predecessor names and/or entities.

P.   Defendants' Counsel. "Defendants' Counsel" shall collectively refer to King & Spalding LLP (counsel for Home Depot) and Berenson, LLP (counsel for AWP).

Q.   Effective Date. "Effective Date" is the date on which this settlement becomes Final within the meaning of paragraph R.

R.   Final. With respect to any judgment, this Settlement, any award of any claims, or a Class Counsel Fees and Expenses Award, "Final" means that the time for appeal or writ review has expired or, if an appeal or petition for review is taken and dismissed or the Settlement is affirmed, the time period during which further petition for hearing, appeal, or writ of certiorari can be taken has expired. If the judgment is set aside, materially modified, or overturned by the Court or on appeal, and is not fully reinstated on further appeal, the judgment shall not become final.

S.   Final Approval Hearing and Order. "Final Approval Hearing" shall mean the hearing at which the Court will consider and finally decide whether to enter the Final Approval Order, and "Final Approval Order" shall mean the Court order that approves this Settlement

6

Agreement, approves payment of attorneys' fees and expenses, and makes such other final rulings as are contemplated by this Settlement Agreement.

T.      Incentive Award. "Incentive Award" shall mean the $7,500 payment that the Defendants have agreed may be paid to **each** of the Class Representatives from the Common Fund subject to approval of the Court.

U.      Litigation. "Litigation" shall mean the above-captioned putative class action pending before the United States District Court for the District of New Jersey, Trenton Vicinage.

V.      Objection Date.  "Objection Date" shall mean the date agreed upon by the Parties or otherwise ordered by the Court for Class Members to object to the Settlement Agreement's terms or provisions in compliance with Section VII of this Settlement Agreement.

W.      Opt-Out Deadline. "Opt-Out Deadline" shall mean the date agreed upon by the Parties or otherwise ordered by the Court, by which any Class Members who do not wish to be included in the Settlement Class and participate in the Settlement Agreement must complete the acts necessary to properly effect such election.

X.      Opt-Out List. "Opt-Out List" shall mean a written list prepared by Class Counsel and/or the Settlement Administrator of all Class Members who submit timely Requests for Exclusion.

Y.      Parties. "Parties" shall mean the named Plaintiffs and Defendants.

Z.      Plaintiffs.  "Plaintiffs" shall mean Aaron and Evelyn Manopla.

AA.     Preliminary Approval. "Preliminary Approval" means that the Court has entered an order preliminarily approving the terms and conditions of this Settlement Agreement, including the manner of providing and content of notice to Class Members.

7

BB. <u>Preliminary Approval Order</u>. "Preliminary Approval Order" shall mean the order of the Court preliminarily approving this Settlement Agreement. The proposed form of the Preliminary Approval Order, which is subject to Court approval, is attached hereto as **Exhibit E.**

CC. <u>Publication Notice</u>. "Publication Notice" shall mean the Court-approved form of notice posted on the Settlement Website and in other media outlets as determined by the Settlement Administrator. The proposed form of this Publication Notice agreed upon by the Parties is attached hereto as **Exhibit F** and shall be approved by the Court prior to its publication.

DD. <u>Released Persons</u>. "Released Persons" shall mean Defendants and all of their past, present, and future respective parents, subsidiaries, divisions, affiliates, persons, and entities directly or indirectly under their control in the past, present, or future, Defendants' respective assignors, predecessors, successors and assigns, and all past, present, or future partners, joint ventures, shareholders, managers, members, directors, officers, employees, independent contractors, agents, attorneys, insurers, reinsurers, accountants, advisors, and representatives of any and all of the foregoing.

EE. <u>Request for Exclusion</u>. "Request for Exclusion" shall mean any request by any Class Member to opt out of, or for exclusion from, the Settlement that complies with the provisions of Section VI of this Settlement Agreement or as otherwise ordered by the Court.

FF. <u>Settlement</u>. "Settlement" shall mean the agreement by the Parties to resolve this Litigation, the terms of which have been memorialized and provided for in this Settlement Agreement.

GG. <u>Settlement Administrator</u>. "Settlement Administrator" means Kurtzman Carson

Consultants, LLC ("KCC").

HH.    Settlement Agreement. "Settlement Agreement" shall mean this Settlement Agreement and all the exhibits attached hereto.

II.    Settlement Class. "Settlement Class" shall mean:

**All persons or entities within the United States who received any telephone calls from or on behalf of Defendants or their agents and/or employees made through the use of any automatic telephone dialing system or with an artificial or prerecorded voice between October 16, 2013 and June 1, 2015.**

JJ.    Settlement Class Period. "Settlement Class Period" means the period of time from October 16, 2013 through June 1, 2015.

KK.    Settlement Website. "Settlement Website" means a website operated and maintained by the Settlement Administrator solely for the purposes of providing notice of the Settlement and making available to the Class Members the documents, information, and online claims submission process referenced in paragraphs 3.4 through 3.7 below.

LL.    Valid Claim. "Valid Claim" means a claim submitted in accordance with paragraph 3.5 that is determined to be valid by the Settlement Administrator.

II.    **REQUIRED EVENTS**

2.0.    Promptly after execution of this Settlement Agreement by all Parties:

2.1.    Class Counsel shall take all reasonable and necessary steps, subject to the Court's availability, to obtain entry of the Preliminary Approval Order. Defendants shall cooperate with Class Counsel to obtain Preliminary Approval of the Settlement as described in this Settlement Agreement.

2.2.    The Preliminary Approval Order shall be in the same or substantially identical form as that attached hereto as **Exhibit E,** subject to Court approval.

2.3.    Class Counsel will use their best reasonable efforts, consistent with the terms of

9

this Settlement Agreement, to promptly obtain a Final Approval Order. Defendants shall cooperate with Class Counsel to obtain Final Approval of the Settlement as described in this Settlement Agreement.

2.4.    In the event that the Court fails to issue the Preliminary Approval Order or Final Approval Order in all material aspects as those proposed to the Court, this Settlement Agreement is voidable by either party, except that any failure to approve the Class Counsel Fees and Expenses Award or Incentive Award in the amounts requested shall not give Plaintiffs the right to void the Settlement Agreement.

2.5.    The Parties acknowledge that prompt approval, consummation, and implementation of the Settlement set forth in this Settlement Agreement is essential. The Parties shall cooperate with each other in good faith to carry out the purposes of and effectuate this Settlement Agreement, shall promptly perform their respective obligations hereunder, and shall promptly take any and all actions and execute and deliver any and all additional documents and all other materials and/or information reasonably necessary or appropriate to carry out the terms of this Settlement Agreement and the transactions contemplated hereby.

## III.    **SETTLEMENT TERMS**

3.1    <u>Benefit to Settlement Class Members from the Common Fund</u>. The Common Fund will be used to provide benefits to or on behalf of the Settlement Class as follows:

a.    valid claims for cash benefits submitted by Class Members pursuant to paragraph 3.4 below;

b.    the notice and other administrative costs actually incurred by the Settlement Administrator, as described in paragraph 5.1 below;

c.    check distribution costs;

d.      the Class Counsel Fees and Expenses Award, as described in paragraph 4.1 below, and

e.      the Incentive Award to the Class Representatives, not to exceed $15,000, as may be ordered by the Court and as described in paragraph 4.2 below.

3.2     <u>Total Financial Commitment</u>. Defendants' total financial commitment and obligation under this Settlement Agreement shall not exceed $4,350,000.00.

3.3     <u>Schedule of Payments into Common Fund and for Other Items</u>.

a.      *Establishment of Common Fund,* Defendants shall make payment to the Settlement Administrator within ten (10) business days after the Effective Date to establish the Common Fund.

b.      *Notice and Other Administrative Costs.* The cost of mailing the Class Postcard Notice and other administrative costs shall be paid directly by Defendants if payment is due prior to establishment of the Common Fund, in which case Defendants will be credited the amounts paid at the time of establishing the Common Fund. Thereafter, any additional administrative costs shall be paid from the Common Fund.

c.      *Class Counsel Fees and Expenses Award.* The Class Counsel Fees and Expenses Award in an amount approved by the Court shall be paid from the Common Fund as described at paragraph 4.1, below.

d.      *Incentive Awards.* An amount equal to the Class Representatives' Incentive Award as ordered by the Court, shall be paid from the Common Fund as described at paragraph 4.2, below.

e.      *Payment of Valid Claims.* An amount equal to $4,350,000.00, less the amounts described in paragraphs 3.3.b, 3.3.c, and 3.3.d, shall be paid, within ninety (90) days

11

of the expiration of the Claims Period, from the Common Fund to Class Members who submit Valid Claims.

3.4     Claims. Each Class Member shall be entitled to submit a claim as set forth in paragraph 3.5, that will, if valid, entitle him or her to a cash payment from the Common Fund.

a. *Payments of Claims.*  Valid Claims will be paid from the Common Fund after the Claims Period has concluded and after the settlement becomes Final.  Each Class Member who qualifies for Payment from filing a Valid Claim shall receive a pro rata payment from the Common Fund after the Claims Period has concluded.  Depending on the number of Valid Claims received, the amount of the payment each Class Member will receive may be increased or reduced on a pro-rata basis.  The maximum payment each Class Member may receive is $5000.

3.5     Proof of Claim. A maximum of one claim, submitted on a single Claim Form, may be submitted by each Class Member. A Claimant must include information in the Claim Form – completed online or submitted to the Settlement Administrator by mail or email – his or her name; his or her current mailing address and email address (if any); and his or her telephone number.

3.6     Review of Claims. The Settlement Administrator shall be responsible for reviewing all claims to determine their validity. The Settlement Administrator shall reject any claim that does not comply in any material respect with the instructions on the Claim Form or the terms of paragraphs 3.4 and 3.5, above, or is submitted after the close of the Claims Period.

3.7.    Uncleared Checks. Those Settlement Class Members whose cash benefit

12

checks are not cleared within one hundred eighty (180) days after issuance shall be ineligible to receive a cash settlement benefit and Defendants shall have no further obligation to make any payment pursuant to this Settlement Agreement or otherwise to such Settlement Class Members. All unpaid funds from uncleared checks shall be paid *Cy Pres* Pursuant to Paragraph 3.8, subject to Court approval.

      3.8.    <u>Distribution of Unclaimed Settlement Class Benefits After Payment of Valid Claims</u>.  Any money remaining in the Settlement Fund after paying all valid and timely claims to Settlement Class Members, attorneys' fees and costs to Class Counsel, any service award to Plaintiffs, and the costs of notice and administration of the settlement will be paid:  (1) in a *pro rata* distribution to Settlement Class Members who submitted valid and timely Claim Forms and whose initial payments were cashed (up to the maximum claim amount of $5,000) and (2) any remaining funds will be donated equally to *Cy Pres* recipients, Legal Services of New Jersey and Clean Water Action, to be approved by the Court.   No portion of the Settlement Fund will return to Defendants.

## IV.    <u>ATTORNEYS' FEES AND EXPENSES AND CLASS REPRESENTATIVE INCENTIVE AWARD</u>

      4.1.    Class Counsel shall petition the Court for an award of attorneys' fees to be paid from the Settlement Fund.  Defendants have agreed not to oppose this fee petition.  Class Counsel intends to seek an amount not to exceed 35% of the total $4,350,000 value of the Settlement Fund, plus reimbursement of Class Counsel's costs and expenses not to exceed $50,000. The Class Counsel Fees and Expense Award, if approved by the Court, shall be payable within twenty (20) business days after the Effective Date.

      4.2.    Given the efforts of the Named Plaintiffs on behalf of the Class Members, the Parties have also agreed that Plaintiffs may request a one-time Incentive Award in the amount

of Fifteen Thousand Dollars ($15,000.00) to be paid from the Settlement Fund.  If approved by the Court, such award shall be paid by $7,500 check made payable to Evelyn Manopla and a $7,500 check made payable to Aaron Manopla and shall be delivered to Class Counsel within twenty (20) business days after the Effective Date.

## V.      CLAIMS ADMINISTRATION AND NOTICE TO CLASS MEMBERS

5.1     KCC shall be the Settlement Administrator, subject to Court approval, to help implement the terms of the proposed Settlement Agreement. The Settlement Administrator shall be responsible for administrative tasks, including, without limitation, (a) notifying the appropriate state and federal officials about the settlement in accordance with the Class Action Fairness Act, (b) distribution and publication of notice and Claim Forms to Class Members, (c) answering inquiries from Class Members and/or forwarding such written inquiries to Class Counsel, (d) receiving and maintaining on behalf of the Court and the Parties any Class Member correspondence regarding requests for exclusion to the settlement, (e) establishing the Settlement Website, (f) receiving and processing claims and distributing payments to Class Members, and (g) otherwise assisting with implementation and administration of the Settlement Agreement terms.

5.2     _Performance Standards of Settlement Administrator_. The contract with the Settlement Administrator shall obligate the Settlement Administrator to abide by the following performance standards:

a.      The Settlement Administrator shall accurately and neutrally describe, and shall train and instruct its employees and agents to accurately and objectively describe, the provisions of the Settlement Agreement in communications with Classmembers;

b.      The Settlement Administrator shall provide prompt, accurate and objective responses to inquiries from Class Counsel or their designee, Defendants and/or Defendants'

14

Counsel, and shall periodically report on claims, objectors, and other pertinent information regarding the Settlement.

   c.       The Settlement Administrator shall seek clarification, instruction or authorization for performance of its duties and expenditure or disposition of cash from both Class Counsel and from Defendants' Counsel.

   5.3       Notice Requirements to Class Members.

   a.       The Settlement Administrator within 30 days of Preliminary Approval of the Settlement, will send via email an Email Notice to the Class Members defined by the Settlement Class for whom AWP has email addresses in its possession. The Settlement Administrator within 50 days of the Preliminary Approval of the Settlement, shall send out a second Email Notice to the Class Members defined by the Settlement Class for whom AWP has email addresses in its possession.  In addition, the Settlement Administrator will send via U.S. mail a Class Postcard Notice to Class Members defined by the Settlement Class for whom AWP has a valid postal address but no email address. The Class Email Notice and Postcard Notice will contain information informing Class Members of (i) the preliminary approval of the Settlement; (ii) the scheduling of the Final Approval Hearing; and (iii) the website information for Class Members to obtain a Claim Form, *see* **Exhibit A,** in order to submit a claim. The form of this Email Notice shall be agreed upon by the Parties in substantially the form attached as **Exhibit B** and the form of this Postcard Notice shall be agreed upon by the Parties in substantially the form attached as **Exhibit C,** both as shall be approved by the Court prior to dissemination.

   b.       The Settlement Administrator shall be responsible, subject to Court approval, for emailing the Class Email Notice or mailing the Class Postcard Notice to all persons whom AWP's records indicate may be Class Members, at their last known email or

postal addresses. Should the Settlement Administrator receive any undelivered Class Email Notices or Class Postcard Notices, it will conduct one skip trace or postal look-up to search for a new address for the said Class Member and resend the Class Postcard Notice to any newly found Class Member address.

      c.    The Settlement Administrator shall be responsible, subject to the Court approving the same, for posting the Publication Notice online and at other media outlets as determined by the Settlement Administrator and approved by the Court. The Class Publication Notice shall be agreed upon by the Parties in substantially the form attached as **Exhibit F.**

      d.    The Settlement Administrator shall create a Settlement Website, www.AWP-HomeDepotTCPA.com, which will contain information describing the settlement and will contain the Class Postcard Notice, *see* **Exhibit C,** the Class Long Form Notice, *see* **Exhibit D,** a Claim Form, *see* **Exhibit A,** Class Counsel's contact information, a copy of the Settlement Agreement, and a copy of Plaintiffs' Third Amended Complaint. The cost for the Settlement Website will be paid to KCC from the Settlement Fund. The Class Postcard Notice and the Class Long Form Notice and Claim Form will also be posted by Class Counsel in a prominent location on Class Counsel's website www.denittislaw.com.

      e.    The Claims Period shall run for a period of ninety (90) days, commencing on the date the Preliminary Approval Order is entered.

      f.    The Settlement Administrator shall publish all Class Member Email Notices, Class Postcard Notices, post the Publication Notice and create the Settlement Website within thirty (30) days of Preliminary Approval.

      g.    Proof of Notice. No later than ten (10) days prior to the Final Approval Hearing, the Settlement Administrator shall provide an affidavit to the Court, with a copy to

Class Counsel, attesting that notice was published and mailed in a manner consistent with the terms of this Settlement Agreement.

        i.      All claim forms must be postmarked, emailed, faxed or delivered to the Settlement Administrator no later than 90 days from the date of the Preliminary Approval Order.

        j.      Within 90 days of the Effective Date, the Settlement Administrator shall send checks via first class mail distributing the Settlement Fund to eligible Class Members who have, in a timely manner, submitted Valid Claims. Should a check be returned as insufficiently addressed, the Claims Administrator will use its best efforts to conduct a postal look-up to locate the proper address of the Class Member in order to re-mail the check to the proper address. The costs for processing and mailing out checks to Class Members will be paid to KCC from the Settlement Fund.

## VI.    REQUESTS FOR EXCLUSION BY CLASS MEMBERS

6.1    Any Class Member may make a Request for Exclusion by mailing or delivering such request in writing to the Settlement Administrator, Class Counsel and Defendants' Counsel at the addresses set forth in the Class Long Form Notice. Any Request for Exclusion must be postmarked or delivered not later than twenty (20) days prior to the date of the Final Approval hearing. Any Request for Exclusion shall state the name, address and telephone number of the person requesting exclusion, proof that they are a Class Member, and contain a clear statement communicating that such person elects to be excluded from the Settlement Class and elects to be excluded from any judgment entered pursuant to this Settlement.

6.2.    Any Class Member who submits a timely Request for Exclusion may not file an objection to the Settlement and shall be deemed to have waived any rights or benefits under

17

this Settlement Agreement.

6.3.    The Settlement Administrator shall report the names of all individuals who have submitted a Request for Exclusion to the Court no less than ten (10) days prior to the Final Approval Hearing.

6.4.    This Settlement Agreement is voidable by Defendants if more than five percent (5%) of the Settlement Class requests exclusion from the Settlement.

## VII.    **OBJECTIONS BY CLASS MEMBERS**

7.1.    The Parties will request that the Court enter an order requiring any Class Member who wishes to be heard orally at the Final Approval Hearing, or who wishes for any objection to be considered, to file a written notice of objection with the Court no later than twenty (20) days prior to the Final Approval Hearing ("Objection Date"). Such objections shall state the name, address and telephone number of the person, whether the person is represented by counsel or has consulted with counsel, and provide proof of membership in the Settlement Class, as well as a detailed statement of each objection asserted, including the grounds for objection and reasons for appearing and being heard, together with any documents such person wishes to be considered.

7.2.    The agreed-upon procedures and requirements for filing objections in connection with the Final Approval Hearing are intended to ensure the efficient administration of justice and the orderly presentation of any Class Member's objections to the Settlement Agreement, in accordance with such Class Member's due process rights. The Preliminary Approval Order and Class Long Form Notice will require all Class Members who have any objections to file such notice of objection or request to be heard with the Court, and serve by mail or hand delivery such notice of objection or request to be heard upon the Settlement

Administrator, Class Counsel and Defendants' Counsel at the addresses set forth in the Class Long Form Notice, by no later than the Objection Date. The Preliminary Approval Order will further provide that objectors who fail to properly or timely file their objections with the Court, along with the required information and documentation set forth above, or to serve them as provided above shall not be heard during the Final Approval Hearing, nor shall their objections be considered by the Court.

## VIII. RELEASE, DISMISSAL OF ACTION, AND JURISDICTION OF COURT

8.1.    By this Settlement Agreement and the following Release, Plaintiffs and each member of the Settlement Class, as well as their respective spouses, former spouses, children, assigns, agents, successors, heirs, representatives, guardians, executors, and administrators hereby completely release and fully discharge the Released Persons from any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, rights, demands, charges, complaints, liabilities, damages, losses, set-offs, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether in law or equity, known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, accrued or unaccrued, liquidated or unliquidated, punitive or compensatory, from the beginning of the world until today, that arise out of or in any way relate or pertain to: (a) the claims that were, or could have been, asserted in the Action against the Released Persons and any and all other named or unnamed persons or entities, (b) the use by Defendants or any Released Persons of any "automatic telephone dialing system" or "artificial or prerecorded voice," and (c) any violation or alleged violation of federal, state, or common law or regulation regarding unwanted telephone calls (collectively, the "Released Claims"). All Released Claims by Plaintiffs and members of the Settlement Class shall be barred by principles of res

judicata, collateral estoppel, and claim and issue preclusion.

8.2.    Plaintiffs and the members of the Settlement Class hereby expressly agree that, upon the Effective Date, each will waive and release any and all provisions, rights, and benefits conferred either (a) by Section 1542 of the California Civil Code or (b) by any law of any state or territory of the United States, or principle of common law that is similar, comparable, or equivalent to Section 1542 of the California Civil Code, with respect to the claims released pursuant to this Settlement Agreement and Release. Thus, on the Effective Date, all members of the Settlement Class who have not successfully opted out shall be deemed to have, with respect to the subject matter of the Action, expressly waived the benefits of any statutory provisions or common law rules that provide, in sum or substance, that a general release does not extend to claims that the person does not know or suspect to exist in the person's favor at the time of executing the release.

8.3.    This Settlement Agreement and Release does not affect the rights of Class Members who timely and properly request exclusion from the Settlement Agreement.

8.4.    The administration and consummation of the settlement as embodied in this Settlement Agreement shall be under the authority of the Court. The Court shall retain jurisdiction to protect, preserve, and implement the Settlement Agreement, including, but not limited to, the Release. The Court expressly retains jurisdiction in order to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement Agreement, including, but not limited to, orders enjoining Class Members from prosecuting claims that are released pursuant to the Settlement Agreement.

8.5.    Upon issuance of the Final Approval Order and the Effective Date of the Settlement: (i) the Settlement Agreement shall be the exclusive remedy for any and all Class Members, except those who have opted out in accordance with the terms and provisions

hereof; (ii) Defendants shall not be subject to liability or expense of any kind to any Class Members except as set forth herein; and (iii) Class Members shall be permanently barred from initiating, asserting, prosecuting, or assisting others in initiating, asserting, or prosecuting any and all released claims against Defendants in any federal or state court in the United States or any other tribunal, in arbitration, or with any federal, state, or local government agency or with any administrative or advisory body. Notwithstanding the foregoing, this Settlement Agreement and Release shall not preclude any member of the Settlement Class from cooperating with governmental, regulatory, and law enforcement agencies to the extent required by law.

## IX.   REPRESENTATIONS WARRANTIES AND COVENANTS

9.1.   Class Counsel, who are signatories hereof, represent and warrant that they have the authority, on behalf of Plaintiffs, to execute, deliver, and perform this Settlement Agreement and to consummate all of the transactions contemplated hereby. This Settlement Agreement has been duly and validly executed and delivered by Class Counsel and Plaintiffs and constitutes their legal, valid and binding obligation.

9.2.   Defendants and their representatives, who are signatories hereof, represent and warrant that they have the authority to execute, deliver, and perform this Settlement Agreement and to consummate the transactions contemplated hereby. The execution, delivery and performance by Defendants of this Settlement Agreement and the consummation by it of the actions contemplated hereby have been duly authorized by all necessary corporate action on the part of Defendants. This Settlement Agreement has been duly and validly executed and delivered by Defendants and constitutes their legal, valid, and binding obligation.

## X.   MISCELLANEOUS PROVISIONS

10.1.   This Settlement Agreement, and the exhibits and related documents hereto, are not to be used in evidence and shall not at any time be construed or deemed to be any admission or concession by Defendants with respect to any alleged wrongdoing, fault, or omission of any kind whatsoever, regardless of whether or not this Settlement Agreement results in entry of a Final Approval Order as contemplated herein. Defendants specifically deny all of the allegations made in connection with this lawsuit. This provision shall survive the expiration or voiding of the Settlement Agreement.

10.2.   This Settlement Agreement is entered into only for purposes of Settlement. In the event that this Settlement Agreement is not finally approved in all material ways as written, then this Settlement Agreement, including any releases or dismissals hereunder, is canceled, and no term or condition of this Settlement Agreement, or any draft thereof, or of the discussion, negotiation, documentation or other part or aspect of the Parties' settlement discussions shall have any effect, nor shall any such matter be admissible in evidence for any purpose, or used for any purposes whatsoever in the Litigation, and all Parties shall be restored to their prior positions as if the Settlement Agreement had not been entered into.

10.3.   The headings of the sections and paragraphs of this Settlement Agreement are included for convenience only and shall not be deemed to constitute part of this Settlement Agreement or to affect its construction.

10.4.   This Settlement Agreement, including all exhibits attached hereto, may not be modified or amended except in writing signed by all of the Parties.

10.5.   This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

10.6.   This Settlement Agreement shall be governed by and construed in accordance with the substantive laws of the State of New Jersey without giving effect to any choice or conflict of law provision, or rule that would cause the application of the laws of any other jurisdiction.

10.7.   Except as otherwise provided in this Settlement Agreement, Plaintiffs shall not be responsible for Defendants' costs of the Litigation, and Defendants shall not be responsible for Plaintiffs' costs.

10.8.   The Parties to this Settlement Agreement reserve the right, by agreement and subject to the Court's approval, to grant any reasonable extensions of time that might be necessary to carry out any of the provisions of this Settlement Agreement.

10.9.   The determination of the terms of, and the drafting of, this Settlement Agreement, including its exhibits, has been by mutual agreement after negotiation, with consideration by and participation of all Parties and their counsel. Since this Settlement Agreement was drafted with the participation of all Parties and their counsel, the presumption that ambiguities shall be construed against the drafter does not apply. Each of the Parties was represented by competent and effective counsel throughout the course of settlement negotiations and in the drafting and execution of this Settlement Agreement, and there was no disparity in bargaining power among the Parties to this Settlement Agreement.

10.10.   Integrated Agreement. All of the Exhibits to this Settlement Agreement are material and integral parts hereof, and are fully incorporated herein by reference. This Settlement Agreement and the Exhibits hereto constitute the entire, fully integrated agreement between Plaintiffs and Defendants and cancel and supersede all prior written and unwritten agreements and understandings between Plaintiffs and Defendants pertaining to the

23

Settlement of Plaintiffs' and the Settlement Class's claims against Defendants in the Litigation.

10.11. <u>Dispute Resolution</u>. The Parties agree that any disputes regarding the terms and conditions of this Agreement, the Parties' rights and obligations under this Settlement Agreement, and/or as to any disagreement regarding the manner in which any issue or dispute arising under this Settlement Agreement should be resolved shall be submitted to the Court.

10.12. <u>Notices</u>. All notices to the Parties or counsel required by this Settlement Agreement shall be made in writing and communicated by electronic and regular mail to the following addresses:

If to Plaintiffs or Class Counsel:

Ross H. Schmierer, Esq.
DeNittis Osefchen Prince, P.C.
525 Route 73 North, Suite 410
Marlton, NJ 08053

If to Home Depot:

S. Stewart Haskins, Esquire
King & Spalding LLP
1180 Peachtree Street, NE
Atlanta, GA 30309

If to AWP:

D.S. Berenson, Esquire
Berenson, LLP
1400 N. 14th Street
Arlington, VA 22209

24

**IN WITNESS WHEREOF**, Plaintiffs and Defendants and their respective counsel have executed this Settlement Agreement as of the date(s) indicated on the lines below.

DATED:

_____
Aaron Manopla, as an Individual and as Class Representative

DATED:

_____
Evelyn Manopla, as an Individual and as Class Representative

DATED:

HOME DEPOT U.S.A., INC.

By: _____
Name:    Kacy Goebel
Title:    Senior_Corporate_Counsel

DATED:

ATLANTIC WATER PRODUCTS, INC. d/b/a
ATLANTIC WATER AND AIR

By: _____
Name:
Title:

DATED:    5-10-19

DeNITTIS OSEFCHEN PRINCE, P.C.

By: _____
Ross H. Schmierer, Attorney for
Plaintiffs Aaron and Evelyn Manopla

**IN WITNESS WHEREOF**, Plaintiffs and Defendants and their respective counsel have executed this Settlement Agreement as of the date(s) indicated on the lines below.

DATED:

_____
Aaron Manopla, as an Individual and as Class Representative

DATED:

_____
Evelyn Manopla, as an Individual and as Class Representative

DATED:                                    HOME DEPOT U.S.A., INC.

By: _____
Name:    Kacy Goebel
Title:    Senior_Corporate_Counsel

DATED:                                    ATLANTIC WATER PRODUCTS, INC. d/b/a
                                          ATLANTIC WATER AND AIR

By: _____ pres. AWP
Name:
Title:

DATED:                                    DeNITTIS OSEFCHEN PRINCE, P.C.

By: _____
Ross H. Schmierer, Attorney for
Plaintiffs Aaron and Evelyn Manopla

25

Ross H. Schmierer, Esq.
DeNittis Osefchen Prince, P.C.
525 Route 73 North, Suite 410
Marlton, NJ 08053

If to Home Depot:

S. Stewart Haskins, Esquire
King & Spalding LLP
1180 Peachtree Street, NE
Atlanta, GA 30309

If to AWP:

D.S. Berenson, Esquire
Berenson, LLP
1400 N. 14th Street
Arlington, VA 22209

**IN WITNESS WHEREOF**, Plaintiffs and Defendants and their respective counsel have

executed this Settlement Agreement as of the date(s) indicated on the lines below.

DATED: 5-10-19

_____
Aaron Manopla, as an Individual and as Class
Representative

DATED: 5-10-19

_____
Evelyn Manopla, as an Individual and as Class
Representative

DATED:                                   HOME DEPOT U.S.A., INC.

By: _____
Name:
Title:

24

DATED:  May 10, 2019                LAW OFFICES OF TODD M.
                                    FRIEDMAN, P.C.


                              By:   _Todd Friedman_____
                                    Todd M. Friedman, Attorney for
                                    Plaintiffs Aaron and Evelyn Manopla


DATED:                              MARCUS & ZELMAN


                              By:   _____
                                    Ari Marcus, Attorney for
                                    Plaintiffs Aaron and Evelyn Manopla


DATED:                              STARR, GERN, DAVISON & RUBIN


                              By:   _____
                                    Lisa Besson Geraghty, Attorney for
                                    Defendant Home Depot


DATED:                              KING & SPALDING, LLP


                              By:   _____
                                    S. Stewart Haskins, Attorney for
                                    Defendant Home Depot


DATED:                              BERENSON, LLP


                              By:   _____
                                    D.S. Berenson, Attorney for
                                    Defendant AWP


DATED:                              CAPEHART SCATCHARD


                              By:   _____
                                    Laura D. Ruccolo, Attorney for
                                    Defendant AWP


                                    26

DATED:

LAW OFFICES OF TODD M.
FRIEDMAN, P.C.

By:
_____
Todd M. Friedman, Attorney for
Plaintiffs Aaron and Evelyn Manopla

DATED: 5/10/19

MARCUS & ZELMAN

By:
_____
Ari Marcus, Attorney for
Plaintiffs Aaron and Evelyn Manopla

DATED:

STARR, GERN, DAVISON & RUBIN

By:
_____
Lisa Besson Geraghty, Attorney for
Defendant Home Depot

DATED:

KING & SPALDING, LLP

By:
_____
S. Stewart Haskins, Attorney for
Defendant Home Depot

DATED:

BERENSON, LLP

By:
_____
D.S. Berenson, Attorney for
Defendant AWP

DATED:

CAPEHART SCATCHARD

By:
_____
Laura D. Ruccolo, Attorney for
Defendant AWP

26

DATED:                                    LAW OFFICES OF TODD M.
                                          FRIEDMAN, P.C.


                                          By: _____
                                              Todd M. Friedman, Attorney for
                                              Plaintiffs Aaron and Evelyn Manopla

DATED:                                    MARCUS & ZELMAN


                                          By: _____
                                              Ari Marcus, Attorney for
                                              Plaintiffs Aaron and Evelyn Manopla

DATED:  5 / 10 / 19                       STARR, GERN, DAVISON & RUBIN


                                          By: _____
                                              Lisa Besson Geraghty, Attorney for
                                              Defendant Home Depot

DATED:                                    KING & SPALDING, LLP


                                          By: _____
                                              S. Stewart Haskins, Attorney for
                                              Defendant Home Depot


DATED:                                    BERENSON, LLP


                                          By: _____
                                              D.S. Berenson, Attorney for
                                              Defendant AWP

DATED:                                    CAPEHART SCATCHARD


                                          By: _____
                                              Laura D. Ruccolo, Attorney for
                                              Defendant AWP

26

DATED:                 LAW OFFICES OF TODD M.
FRIEDMAN, P.C.

By: _____
Todd M. Friedman, Attorney for
Plaintiffs Aaron and Evelyn Manopla

DATED:                 MARCUS & ZELMAN

By: _____
Ari Marcus, Attorney for
Plaintiffs Aaron and Evelyn Manopla

DATED:                 STARR, GERN, DAVISON & RUBIN

By: _____
Lisa Besson Geraghty, Attorney for
Defendant Home Depot

DATED:                 KING & SPALDING, LLP

By: _____
S. Stewart Haskins, Attorney for
Defendant Home Depot

DATED:                 BERENSON, LLP

By: _____
D.S. Berenson, Attorney for
Defendant AWP

DATED:                 CAPEHART SCATCHARD

By: _____
Laura D. Ruccolo, Attorney for
Defendant AWP

26

DATED:                              LAW OFFICES OF TODD M.
                                    FRIEDMAN, P.C.


                                    By: _____
                                         Todd M. Friedman, Attorney for
                                         Plaintiffs Aaron and Evelyn Manopla


DATED:                              MARCUS & ZELMAN


                                    By: _____
                                         Ari Marcus, Attorney for
                                         Plaintiffs Aaron and Evelyn Manopla


DATED:                              STARR, GERN, DAVISON & RUBIN


                                    By: _____
                                         Lisa Besson Geraghty, Attorney for
                                         Defendant Home Depot


DATED:                              KING & SPALDING, LLP


                                    By: _____
                                         S. Stewart Haskins, Attorney for
                                         Defendant Home Depot


DATED:                              BERENSON, LLP


                                    By: _____
                                         D.S. Berenson, Attorney for
                                         Defendant AWP


DATED:  5/13/19                     CAPEHART SCATCHARD


                                    By: _____
                                         Laura D. Ruccolo, Attorney for
                                         Defendant AWP


26

DATED:                          LAW OFFICES OF TODD M.
                                FRIEDMAN, P.C.

                         By:    _____
                                Todd M. Friedman, Attorney for
                                Plaintiffs Aaron and Evelyn Manopla

DATED:                          MARCUS & ZELMAN

                         By:    _____
                                Ari Marcus, Attorney for
                                Plaintiffs Aaron and Evelyn Manopla

DATED:                          STARR, GERN, DAVISON & RUBIN

                         By:    _____
                                Lisa Besson Geraghty, Attorney for
                                Defendant Home Depot

DATED: May 13, 2019             KING & SPALDING, LLP

                         By:    Stewart Haskins / sh by permission
                                S. Stewart Haskins, Attorney for
                                Defendant Home Depot

DATED:                          BERENSON, LLP

                         By:    _____
                                D.S. Berenson, Attorney for
                                Defendant AWP

DATED:                          CAPEHART SCATCHARD

                         By:    _____
                                Laura D. Ruccolo, Attorney for
                                Defendant AWP

                                26

*EXHIBIT A*

*Manopla v. Home Depot USA, Inc., et al*
**Case No. 3:15-cv-01120-PGS-TJB**

_____, **Claims Administrator**          **Toll-Free Number: x-xxx-xxx-xxxx**
**PO Box [_____]**                                            **Website: www.xxxxxxxxxxxxxxxx.com**
**[_____]**

**<<mail id>>**
**<<Name1>>**
**<<Name2>>**
**<<Address1>>**
**<<Address2>>**
**<<City>><<State>><<Zip>>**

## <u>CLAIM FORM</u>

**TO RECEIVE BENEFITS FROM THE SETTLEMENT, YOU MUST PROVIDE**
**<u>ALL</u> OF THE INFORMATION BELOW.  IF THIS CLAIM FORM IS SUBMITTED ONLINE OR BY EMAIL, YOU <u>MUST</u> SUBMIT AN ELECTRONIC SIGNATURE.**

**YOUR CLAIM FORM MUST BE <u>SUBMITTED ON OR BEFORE</u> [INSERT CLAIM DEADLINE].**

1.   <u>**CLAIMANT INFORMATION:**</u>

_____  _____  _____
FIRST NAME          MIDDLE NAME          LAST NAME

_____
ADDRESS 1

_____
ADDRESS 2

_____  _____  _____ - _____
CITY                                                              STATE        ZIP                 (optional)

_____  _____
PHONE NUMBER(S) (where you received the autodialed call)     E-MAIL ADDRESS (optional)

2.          <u>**EVIDENTIARY PROOF**</u>:

Please sign below certifying that you are the owner or regular user of the phone number where you allege to have received a telephone call from or on behalf of AWP or Home Depot between October 16, 2013 and June 1, 2015.  If you fail to sign below and certify under oath under penalty of perjury, you will not receive any money from the Settlement Fund.

I certify I am the owner or user of a phone number where I received a telephone call from or on behalf of AWP or Home Depot between October 16, 2013 and June 1, 2015

Signature: _____   Date: _____

**QUESTIONS? VISIT www.xxxxxxxxxxxxxxxxxxxx.com OR CALL [_____]**

**EXHIBIT B**

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**
THIS EMAIL NOTICE ADVISES YOU OF A PROPOSED CLASS ACTION SETTLEMENT
CONCERNING CALLS MADE TO YOU BY OR ON BEHALF OF ATLANTIC WATER
PRODUCTS OR HOME DEPOT.  THIS EMAIL PROVIDES A WEBSITE, TELEPHONE
NUMBER, AND ADDRESS WHERE YOU CAN OBTAIN INFORMATION IN ORDER TO
SUBMIT A CLAIM FORM.

**THIS EMAIL NOTICE MAY AFFECT YOUR LEGAL RIGHTS.  PLEASE READ IT
CAREFULLY**

*Manopla v. Home Depot USA, Inc., et al*
*United States District Court for the District of New Jersey,*
Case No. 3:15-cv-01120-PGS-TJB

**THIS EMAIL ONLY PROVIDES LIMITED INFORMATION ABOUT THIS
SETTLEMENT**

Your rights may be affected by a proposed class action settlement of claims against Home Depot
USA, Inc. ("Home Depot") and Atlantic Water Products, Inc. d/b/a Atlantic Water and Air
("AWP") (collectively "Defendants") for an alleged violation of the Telephone Consumer
Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA").  The settlement would resolve a lawsuit in
which Plaintiffs assert TCPA claims against Defendants.  Specifically, Plaintiffs claim Defendants
violated the TCPA by calling Plaintiffs' cellular and/or landline telephone using an artificial or
prerecorded voice utilizing an automatic telephone dialing system without obtaining prior express
consent to do.  Plaintiff resolved this lawsuit on their own behalf and **on behalf of all persons or
entities within the United States who received any telephone calls from or on behalf of
Defendants or their agents and/or employees made through the use of any automatic
telephone dialing system or with an artificial or prerecorded voice between October 16, 2013
and June 1, 2015.**  Defendants deny the allegations in the lawsuit in their entirety but have agreed
to settle the case to avoid the costs of litigation.  You received this Notice because records indicate
that you received calls between October 16, 2013 and June 1, 2015.

The Settlement provides that eligible Settlement Class Members shall be entitled to file a claim to
receive a one-time estimated minimum payment in the amount of _____.  To receive this payment,
you must timely complete and submit a Claim Form and forward it to the administrator by either
email to _____ or online via the Settlement Website no later than _____, 2019, or by
mail postmarked no later than _____, 2019.  You may obtain complete information about
the Settlement (including the Long Form Notice and Claim Form) and deadlines by visiting the
Settlement Website at _____ or telephoning _____.

If you do not wish to be a part of this Settlement, you may exclude yourself.  If you do not
exclude yourself, you will be bound by the Settlement and all Orders of the Court.  As a result,
you will no longer be able to sue or continue to sue the Defendants about the claims covered by
the Settlement.  To request exclusion, you must mail your request in writing, postmarked no

later than _____, 2019, to the Claims Administrator at _____, c/o _____.  The Court, located at 402 E. State Street, Trenton, NJ 08608, will conduct a hearing on whether to approve the Settlement on _____, 2019, and if approved, to determine what amount of fees and expenses should be awarded to class counsel and the class representatives.  If you do not exclude yourself, you or your own lawyer may ask to appear and speak at the hearing at your own cost.  You may object to the Settlement in advance of the hearing by following the procedure set forth in the Long Form Notice.  Your objection must be received by _____.

**EXHIBIT C**

**Manopla v. Home Depot USA Inc., et al. Settlement**
**c/o [CLAIMS ADMINISTRATOR]**
**[ADDRESS]**
**[ADDRESS]**

FIRST-CLASS
MAIL U.S.
POSTAGE PAID
PERMIT NO
1234

**NOTICE OF CLASS ACTION LAWSUIT**
**AND PROPOSED SETTLEMENT**

THE COURT AUTHORIZED THIS
NOTICE. THIS IS NOT A SOLICITATION
FROM A LAWYER.

YOU MAY RECEIVE MONEY FROM
A SETTLEMENT.

- **If you received a call from or on behalf of Atlantic Water Products or Home Depot between October 16, 2013 and June 1, 2015, you may be entitled to benefits under a class action settlement.**
- **Plaintiffs claim that these calls were improper, which Defendants have denied. The court has not decided who is right or wrong. Instead the parties have agreed to settle the case to avoid the risk and cost associated with further litigation.**
- **Eligible class members who timely submit a valid claim form will receive a payment from the $4,350,000 settlement fund.**
- **Go to [WEBSITE] for more details.**

7  012345 678908

**John Q. Sample, Jr.**
123 Main Street
Apt. #4
New York, NY 12345-6789

# EXHIBIT C

[OUTSIDE BACK]        ▼ TO OPEN, FOLD AND TEAR ALONG THIS PERFORATION ▼

**Class Member ID:** _____

**What is this?** This is a notice of a proposed settlement in a class action lawsuit, *Aaron and Evelyn Manopla, on behalf of themselves and all others similarly situated, v. Home Depot USA, Inc., Atlantic Water Products Inc., etc.,* U.S.D.C. District of New Jersey, Case No. 3:15-cv-01120-PGS-TJB. This notice explains your legal rights.

**What is this lawsuit about?** The lawsuit alleges that the Defendants violated the Telephone Consumer Protection Act by autodialing Class Members' telephones. The Defendants have denied all wrongdoing. The Court has not ruled on the merits of Plaintiffs' claims or the defenses of Defendants.

**Why am I getting this notice?** You were identified as someone who may be a member of this Settlement Class.

**What does the settlement provide?** Home Depot and Atlantic Water Products agreed to pay a total of $4,350,000 into a Settlement Fund. The Settlement Fund will pay cash on a pro rata basis to Class Members who file a valid claim, after paying Class Counsel's attorneys' fees of up to thirty-five percent of the settlement which is $1,522,500 (subject to Court approval), Class Counsel's costs of up to $50,000 (subject to Court approval), a service award of $15,000 to the Class Representatives (subject to Court approval), settlement administration costs, and possibly pay a charitable contribution or other distribution as directed by the Court.

**Can I get money from the settlement?** Yes, if you are a member of the Settlement Class. Each Class Member who submits a valid and timely Claim Form will receive a cash award. How much each Class Member receives will depend on how many people make claims that are approved. It is estimated that you are eligible for a minimum payment of _____.

**How do I get a payment?** You must complete and submit a valid Claim Form by _____. The Claim Form is enclosed and available at _____ or by calling _____. You can submit your Claim Form by mailing it to the address below, online at _____ or by emailing _____.

**Do I have to be included in the settlement?** If you don't want to receive money from this settlement and you want to keep the right to sue Home Depot or AWP on your own, then you must exclude yourself from the settlement. You will not get any money if you exclude yourself. The Court will exclude any class member who properly requests exclusion by sending a letter requesting exclusion to the Settlement Administrator at the address below by _____. That request must contain your name, address, signature and a statement that you wish to be excluded from the Settlement.

**If I don't like something about the Settlement, how do I tell the Court?** If you don't exclude yourself from the Settlement, you can object to any part of the Settlement. You must mail your written objection to the Court, Class Counsel and Home Depot's counsel by _____, but you do not have to. Complete details about how to object are on the Settlement Website.

**What if I do nothing?** You will not be eligible for a payment. All Class Members who do not opt out will be bound by the Settlement and the decisions of the Court, and will release Home Depot and AWP from liability for the calls.

**When is the Final Approval Hearing?** The Court will hold a hearing in this case to consider whether to approve the Settlement on _____, at _____, United States District Court, 402 E. State Street, Trenton NJ 08608. You may go to the hearing, but you do not have to.

**How do I get more information about the settlement?** This notice contains limited information about the Settlement. For more information, to view additional settlement documents, and to review information regarding your exclusion and objection rights and the final approval hearing, visit [URL], or call [NUMBER].

[INSIDE FRONT]

EXHIBIT D

*Manopla v. Home Depot USA, Inc., et al*
**United States District Court for the District of New Jersey,**
**Case No. 3:15-cv-01120-PGS-TJB**

**If you received an automated telephone call between the dates of October 16, 2013 and June 1, 2015, you may be entitled to benefits under a class action settlement.**

*A federal court authorized this Notice.  This is not a solicitation from a lawyer.*

- **This notice concerns the Settlement that resolves claims in the lawsuit** *Aaron and Evelyn Manopla, on behalf of themselves and all others similarly situated, v. Home Depot USA, Inc., Atlantic Water Products Inc. and John Does 1-25*, **Case No. 3:15-cv-01120-PGS-TJB (D.N.J).**

- **In the lawsuit, Plaintiffs Aaron Manopla and Evelyn Manopla ("Plaintiffs") allege that defendants Home Depot U.S.A., Inc. ("Home Depot") and Atlantic Water Products, Inc. d/b/a Atlantic Water and Air ("AWP") (collectively "Defendants") violated the Telephone Consumer Protection Act 47 U.S.C. § 227, et seq. (the "TCPA") by calling Plaintiffs' telephones using an artificial or prerecorded voice utilizing an automatic telephone dialing system without obtaining prior express consent to do.**

- **Depending upon how many class members submit valid claim forms, claimants may receive up to $5,000 in cash.**

- **The Settlement will provide a total of $4,350,000 (the "Settlement Fund") to settle and release claims of persons who received the above described telephone calls between October 16, 2013 and June 1, 2015 (the "Settlement Class").**

- **Defendants deny Plaintiffs' allegations and deny any wrongdoing whatsoever.  By entering into the Settlement, Defendants have not conceded the truth or validity of any of the claims against them.**

- **The Settlement Fund shall be used to pay all amounts related to the settlement, including awards to Settlement Class Members who submit a valid and timely claim form to receive payment ("Claim Form"), attorneys' fees and costs to attorneys representing Plaintiffs and the Settlement Class ("Class Counsel"), any service awards to Plaintiffs and the costs of notice and administration of this Settlement. Monies remaining in the Settlement Fund, including if checks are uncashed, will be distributed to a charitable non-profit organization approved by the Court.  No amount of the Settlement Fund will revert to Defendants.**

- **Your rights and options relating to the Settlement, and the deadlines by which to exercise them, are explained in this Notice.  Your legal rights are affected whether you act or don't act.  Read this Notice carefully.**

EXHIBIT D

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| SUBMIT A CLAIM FORM | If you are eligible to submit a Claim and submit a valid Claim Form by _____, you will receive a payment and will give up your rights to sue Home Depot and AWP and/or any other released parties on a released claim.  Claim Forms may be submitted by mail to _____, email to _____, or through the settlement website by clicking _____. |
| EXCLUDE YOURSELF OR "OPT-OUT" OF THE SETTLEMENT | If you ask to be excluded, you will not receive a payment. This is the only option that allows you to pursue your own claims against Home Depot and AWP and/or other released parties in the future.  The deadline for excluding yourself is _____. |
| OBJECT TO THE SETTLEMENT | Write to the Court about why you believe the settlement is unfair in any respect.  The deadline for objecting is _____.  To obtain a benefit from this settlement, you must still submit a Claim Form. If you submit only an objection, you will not receive any benefit from the Settlement and you will give up your rights to sue Home Depot and AWP and/or any other released parties on a released claim. |
| DO NOTHING | If you received an email or postcard notice and do nothing, you will waive your rights to sue Home Depot and AWP and/or any other released parties on a released claim. |
| GO TO THE FINAL APPROVAL HEARING | Ask to speak in Court about the fairness of the Settlement.  To speak at the Final Approval Hearing, you must file a document which complies with the requirements set forth on the Settlement Website. |

- These rights and options—and the deadlines to exercise them—are explained in this Notice.

- The Court still has to decide whether to approve the Settlement.  Payments will be made if the Court approves the Settlement and after any appeals are resolved.  Please be patient.

EXHIBIT D
## BASIC INFORMATION

### 1.  What is the purpose of this Notice?

The purpose of this Notice is to inform you that a proposed Settlement has been reached in the lawsuit entitled *Aaron and Evelyn Manopla, on behalf of themselves and all others similarly situated, v. Home Depot USA, Inc., Atlantic Water Products Inc. and John Does 1-25*, U.S.D.C. District of New Jersey, Case No. 3:15-cv-01120-PGS-TJB.  Because your rights will be affected by this Settlement, it is extremely important that you read this Notice carefully.

### 2.  What does it mean if I received an email or postcard about this settlement?

If you received a postcard or email describing this Settlement, that is because records indicate that you may be a member of the Settlement Class.

### 3.  What is this class action lawsuit about?

In a class action, one or more people called class representatives (here, Plaintiffs) sue on behalf of people who allegedly have similar claims.  This group is called a class and the persons included are called class members.  One court resolves the issues for all of the class members, except for those who exclude themselves from the class.

Here, Plaintiffs claim Defendants violated the TCPA by calling Plaintiffs' cellular or landline telephone using an artificial or prerecorded voice utilizing an automatic telephone dialing system without obtaining prior express consent to do.  Defendants deny these allegations and deny any claim of wrongdoing.  The Court has conditionally certified the Settlement Class for settlement purposes only.  The Honorable Peter G. Sheridan is in charge of this action.

### 4.  Why is there a settlement?

The Court has not decided in favor of Plaintiffs or Defendants.  Instead, both sides agreed to the Settlement, thereby avoiding the risk and cost of further litigation and ensuring Settlement Class Members will receive some compensation for their claims.  Plaintiffs and Class Counsel think the Settlement is best for all persons in the Settlement Class.

## WHO IS IN THE SETTLEMENT CLASS?

### 5.  How do I know if I am a part of the Settlement Class?

The Court has certified the Settlement Class for settlement purposes only.  The Settlement Class is defined as:

All persons or entities within the United States who received any telephone calls from or on behalf of Defendants or their agents and/or employees made through the use of any automatic telephone dialing system or with an artificial or prerecorded voice between October 16, 2013 and June 1, 2015.

EXHIBIT D

If you are still not sure whether you are included, you can visit other sections of the Settlement Website, _____, you may write to the Claims Administrator at _____, c/o _____, or you may call the Toll-Free Settlement Hotline, 1-_____, for more information.

## THE LAWYERS REPRESENTING YOU

| 6.  Do I have lawyers in this case? |
| --- |

The Court has appointed the law firms of Marcus & Zelman, LLC, DeNittis Osefchen Prince PC and Todd M. Friedman, P.C., as Class Counsel to represent you and the other persons in the Settlement Class.  You will not be personally charged by these lawyers.

| 7.  How will Class Counsel be paid? |
| --- |

Class Counsel will ask the Court to approve payment of up to thirty-five percent of the Settlement Fund, which is $1,522,500, to them for attorneys' fees, plus actual litigation expenses up to $50,000.  Class Counsel also will ask the Court to approve payment of up to $7,500 for each Plaintiff for their services as Class Representatives.  The Court may award less than these amounts.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

| 8.  What does the settlement provide? |
| --- |

**Settlement Fund**.  Defendants will pay the total amount of $4,350,000 into the Settlement Fund, which will cover:  (1) cash payments to the Settlement Class who submit timely and valid Claim Forms on a pro rata basis, up to $5,000 each; (2) an award of attorneys' fees and costs to Class Counsel, in an amount not to exceed $1,522,500 (35%) of the Settlement Fund plus actual litigation expenses up to $50,000, as approved by the Court; (3) a service award to both Plaintiffs, in a total amount not to exceed $15,000, as approved by the Court; (4) the costs of notice and administration of the Settlement; and (5) if there are any uncashed checks after redistribution of the amount of uncashed checks becomes impracticable, a charitable contribution, which must also be approved by the Court.

**Payments**.  The Settlement provides eligible Settlement Class Members who timely submit a valid Claim Form to receive a one-time estimated minimum payment in the amount of _____.  To receive this payment, you must timely complete and submit a Claim Form.  To submit a Claim Form, follow the procedures described under Question 11 below.

EXHIBIT D

## 9.  How much will my payment be?

Your share of the Settlement Fund will depend on the number of valid Claim Forms that the Settlement Class submit.  **Class Counsel estimates that valid claimants will receive at least $XXX, up to a maximum of $5,000.**

## 10.  What am I giving up to stay in the Settlement Class?

Unless you exclude yourself from the Settlement, you will be part of the Settlement Class and will be bound by the release of claims in the Settlement.  This means that if the Settlement is approved, you cannot rely on any Released Claim to sue or continue to sue, on your own or as part of any other lawsuit, Home Depot and AWP and/or any other Released Parties, as explained in the Settlement Agreement.  It also means that all of the Court's orders will apply to you and legally bind you.  Unless you exclude yourself from the Settlement, you will agree to release Home Depot and AWP and any other Released Parties, as defined in the Settlement Agreement, from any and all claims that arise from the calls to your telephone at issue in this action.

In summary, the Release includes, without limitation, all claims that arise out of the alleged automated calling by Home Depot or AWP or any of their agents or affiliates, acting for or on their behalf, that are the subject of the Action, including, but not limited to, claims under or for violation of the TCPA, and the regulations promulgated thereunder and relevant case law, and all claims for violation of any other state or federal statutory or common law that regulates, governs, prohibits or restricts the use of automated calling without prior express consent.

If you have any questions about the Release or what it means, you can speak to Class Counsel, listed under Question 6, for free, or you can, at your own expense, talk to your own lawyer.  The Release does not apply to persons potentially in the Settlement Class who timely exclude themselves.

## HOW TO OBTAIN A PAYMENT

## 11.  How can I get a payment?

You can receive payment by timely submitting a Claim Form. To receive a payment, you must timely submit a Claim Form.  You may get a Claim Form on the Settlement Website, www._____.com, or by calling the Toll-Free Settlement Hotline, _____.  **Read the instructions carefully, fill out the form completely and accurately, and submit it**.  To be valid, the Claim Form must be completed fully and accurately and submitted timely.  A Claim Form may be submitted by mail to the Claims Administrator at: _____, c/o _____, by email to _____, or via the Settlement Website [click here].

If you are submitting your claim via the Settlement Website or by email, it must be submitted no later than _____.  If you are mailing your Claim Form to the Claims Administrator, it must be postmarked by _____.

EXHIBIT D
## WHEN WILL I RECEIVE MY SETTLEMENT PAYMENT?

| **12.  When would I receive a settlement payment?** |
|---|

The Court will hold a Final Approval Hearing on _____ to decide whether to approve the Settlement.  If the Court approves the Settlement, after that, there may be appeals.  It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year.  Settlement Class Members will be informed of the progress of the Settlement through information posted on the Settlement Website at www. _____.com.  Please be patient.


## EXCLUDING YOURSELF FROM THE SETTLEMENT

| **13.  How do I get out of the settlement?** |
|---|

If you want to keep the right to sue or continue to sue Home Depot or AWP or a Released Party, as defined in the settlement agreement, then you must take steps to get out of the Settlement Class. This is called excluding yourself from, or opting-out of, the Settlement Class.

To exclude yourself from the Settlement, you must send an exclusion request to the claims administrator.  To be valid, an exclusion request must:  (i) be personally signed by the person in the Settlement Class who is requesting exclusion; (ii) include the full name and address of the person in the Settlement Class requesting exclusion; and (iii) include the following statement: "I/we request to be excluded from the Settlement in the <u>AWP-Home Depot</u> action."  No request for exclusion will be valid unless all of the information described above is included.  No person in the Settlement Class, or any person acting on behalf of or in concert or participation with that person in the Settlement Class, may exclude any other person or any group of persons from the Settlement Class.

**To be valid, you must mail your exclusion request postmarked no later than _____ to the Claims Administrator at _____, c/o _____.**

| **14.  If I do not exclude myself, can I sue Home Depot or AWP for the same thing later?** |
|---|

No.  If you do not exclude yourself, you give up any right to sue (or continue to sue) Home Depot or AWP or any Released Parties for the claims that this settlement resolves.

| **15.  If I exclude myself, can I get a benefit from this settlement?** |
|---|

No.  If you ask to be excluded, you will not be able to submit a Claim Form for a settlement payment and you cannot object to the Settlement.


## OBJECTING TO THE SETTLEMENT

| **16.  How do I tell the Court that I do not think the settlement is fair?** |
|---|

If you are in the Settlement Class, you can object to the Settlement or any part of the Settlement that you think the Court should reject, and the Court will consider your views.  If you do not provide a written objection in the manner described below, you shall be deemed to have waived

EXHIBIT D

any objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement or the award of any attorneys' fees and costs and/or service awards.

To object, you must make your objection in writing, stating that you object to the Settlement in Manopla v. Home Depot USA, Inc., et al.  To be considered by the Court, the written objection must:  (a) attach documents establishing, or provide information sufficient to allow the Parties to confirm, that the objector is a Settlement Class Member, including providing the telephone number at issue; (b) include a statement of such Settlement Class Member's specific objections; (c) state the grounds for objection, as well as identify any documents which the objector desires the Court to consider; and (d) if the Settlement Class Member is represented by an attorney, list all other cases in which the Class Member has filed an objection.

**To be considered, you must file your objections with the Court and mail your objections to the addresses below no later than _____.**

For Plaintiff:                                                    For Home Depot:

Ross H. Schmierer, Esq.                                S. Stewart Haskins, Esquire
DeNittis Osefchen Prince, P.C.                    King & Spalding LLP
525 Route 73 North, Suite 410                     1180 Peachtree Street, NE
Marlton, NJ 08053                                         Atlanta, GA 30309

                                                                    For AWP:

                                                                    D.S. Berenson, Esquire
                                                                    Berenson, LLP
                                                                    1400 N. 14th Street
                                                                    Arlington, VA 22209

**Even if you timely and properly object, to obtain a benefit from this settlement, you must submit a Claim Form.  If you object but fail to submit a Claim Form, you will not receive any monetary award.**

**17.   What is the difference between objecting and excluding yourself?**

Objecting is telling the Court that you do not like something about the Settlement.  You can object only if you stay in the Settlement Class.  Excluding yourself means that you do not want to be part of the Settlement Class.  If you exclude yourself, you cannot object to the settlement.

EXHIBIT D

## IF YOU DO NOTHING

| 18.  What happens if I do nothing at all? |

If you do nothing, you will not receive any monetary award and you will give up your rights to sue Home Depot and AWP and/or any other Released Parties on a Released Claim.  For information relating to what rights you are giving up, see Question 10.

## THE FINAL APPROVAL HEARING

| 19.  When and where will the Court decide whether to approve the settlement? |

The Court will hold a Final Approval Hearing at _____ a/p.m. on _____ at the United States District Court for the District of New Jersey, 402 E. State Street, Trenton, NJ 08608.  At this hearing, the Court will consider whether the Settlement is fair, reasonable and adequate.  If there are valid objections that comply with the requirements in Question 16 above, the Court also will consider them and will listen to people who have asked to speak at the hearing.  The Court may also decide how much to pay to Class Counsel and Plaintiffs.

The Final Approval Hearing may be moved to a different date or time without additional notice, so it is a good idea to check the Settlement Website for updates.

| 20.  Do I have to come to the hearing? |

No.  Class Counsel will appear on behalf of the Settlement Class.  But, you are welcome to come, or have your own lawyer appear, at your own expense.

| 21.  May I speak at the hearing? |

You may ask the Court for permission to speak at the Final Approval Hearing, but only in connection with an objection that you have timely submitted to the Court according to the procedure set forth in Question 16 above.  To speak at the Final Approval Hearing, you must also file a document with the Court stating your intention to appear.  For this document to be considered, it must include your name, address, telephone number and your signature.  The document must be filed with the Court no later than _____.  You cannot speak at the hearing if you exclude yourself from the Settlement.

## GETTING MORE INFORMATION

| 22.  How do I get more information? |

This notice is only a summary of the proposed Settlement.  You can get a copy of the settlement agreement by visiting the Settlement Website, www._____.com, or you can write to the address

EXHIBIT D

below or call the Toll-Free Settlement Hotline, _____.  You can also contact Class Counsel with any questions at _____ or _____.

**DO NOT CALL OR WRITE TO THE COURT, THE CLERK OF THE COURT, HOME DEPOT OR AWP OR HOME DEPOT'S COUNSEL OR AWP'S COUNSEL ABOUT THE SETTLEMENT.**

**EXHIBIT E**

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AARON MANOPLA and EVELYN MANOPLA, on behalf of themselves and all other similarly situated<br><br>                  Plaintiffs,<br><br>      v.<br><br>HOME DEPOT USA, INC., ATLANTIC WATER PRODUCTS and JOHN DOES 1-25,<br><br>                  Defendants. | Civil Action No. 3:15-cv-01120-PGS-TJB |

### ORDER GRANTING PRELIMINARY, NON-BINDING APPROVAL TO PROPOSED CLASS ACTION SETTLEMENT, APPROVING FORM OF CLASS SETTLEMENT NOTICE AND NOTICE DISTRIBUTION PLAN, AND SCHEDULING A DATE FOR THE FINAL APPROVAL/FAIRNESS HEARING

This matter having come before the Court upon an unopposed motion by Plaintiffs under Rule 23 of the Federal Rules of Civil Procedure for (a) preliminary, non-binding approval of a proposed class action settlement, (b) approval of a proposed form of the Class Settlement Postcard Notice, Class Settlement Email Notice, Publication Notice, and Class Settlement Long Form Notice, (c) approval of the proposed plan of notice and (d) setting a hearing date for the Final Approval/Fairness hearing to determine whether to grant final approval to the proposed class settlement, and the Court having considered the motion papers, and for good cause shown;

IT IS HEREBY ORDERED this _____ day of _____, 2019 as follows:

1.    The Court grants preliminary, non-binding approval of the proposed class action settlement;

1

2.      This matter shall preliminarily proceed as a class action with a Settlement Class

defined as follows:

> All persons or entities within the United States who received any telephone
> calls from or on behalf of Defendants or their agents and/or employees
> made through the use of any automatic telephone dialing system or with an
> artificial or prerecorded voice between October 16, 2013 and June 1, 2015.

3.      The Court preliminarily appoints Plaintiffs Aaron Manopla and Evelyn Manopla

as the named Class Representatives and preliminarily appoints Marcus & Zelman, LLC, DeNittis

Osefchen Prince PC and Todd M. Friedman, P.C., as Class Counsel.

4.      For purposes of the proposed settlement only, the Court finds that this action

meets the requirements for certification of a settlement Class under Rule 23 of the Federal Rules

of Civil Procedure such that class notice should be provided.

5.      The Court appoints Kurtzman Carson Consultants, LLC ("KCC") as the

Settlement Administrator.

6.      The Court approves the content of the proposed Class Settlement Postcard Notice,

Class Settlement Email Notice, the Publication Notice and Class Settlement Long Form Notice

submitted by Counsel and the proposed manner of notice distribution set forth in the Settlement

Agreement.  The Court directs defendant Atlantic Water Products ("AWP") to provide to the

Settlement Administrator a list of any and all persons whom AWP's records indicate may be

class members and their last known postal addresses and/or email addresses within 20 days of

this Order.  The Court further directs that within 30 days of this Order, the Class Settlement

Email Notice shall be emailed by the Settlement Administrator to all persons whom Defendant's

records indicate may be class members, at their last known email address, and the Class

Settlement Postcard Notice shall be sent by first class mail by the Settlement Administrator to all

persons whom AWP's records indicate may be class members and whose email address is not

known, at their last known postal address. In addition, within 30 days of this Order, the

Settlement Administrator shall be responsible for posting the Class Publication Notice on the

Settlement Website and in other media outlets as determined by the Settlement Administrator.

7.  Within 30 days of this Order the Settlement Administrator shall create a Settlement

Website (_____), which will contain information describing the settlement and will contain

the Claim Form (Exhibit A to Settlement Agreement), Class Settlement Email Notice (Exhibit B

to the Settlement Agreement), Class Settlement Postcard Notice (Exhibit C to Settlement

Agreement), the Class Long Form Notice (Exhibit D to Settlement Agreement), the Publication

Notice  (Exhibit F to Settlement Agreement), Class Counsel's contact information, a copy of the

Settlement Agreement and a copy of Plaintiffs' Third Amended Complaint.  The Class Postcard

Notice and the Class Long Form Notice and Claim Form will also be posted by Class Counsel in

a prominent location on Class Counsel's website www.denittislaw.com.

8.      Any objections to the proposed Class Settlement, or requests for exclusion from

the class, must be submitted to the Clerk, post-marked no later than twenty (20) days prior to the

Fairness Hearing scheduled in this matter.  A Final Approval/Fairness hearing on whether to

grant final, binding approval to the proposed class action settlement shall be held on

_____, 2019 (suggested date any date after _____, 2019) at _____ _.m. on

_____, in Courtroom _____ of United States Courthouse, 402 E. State Street, Trenton, NJ

08608.

9.      Any memoranda of law or other documents in support of final approval of the

proposed class settlement, copies of any objections or requests from exclusion that have been

submitted to class counsel or defense counsel, and an affidavit attesting that class notice has been

distributed in a manner consistent with this Order, must be submitted to the Court no later than 10 days prior to the hearing on final approval.

10.     Based on the date of this Order and the date of the Fairness Hearing, the following are the certain associated dates in this Agreement:

| Event | Timing | Date |
|---|---|---|
| Last day for the Claims Administrator to send Email Notice and Postcard Notice, provide Publication Notice, and start operating Settlement Website. | 30 days after entry of this Order | |
| Deadline for Class Members to object to or request exclusion from the Settlement. | 75 days after entry of this Order | |
| Fairness Hearing (all final approval briefing must be filed 10 days prior). | 90 days after entry of this Order | |
| Deadline for Class Members to file a claim. | 90 days after entry of this Order | |

This Court may order the Fairness Hearing to be postponed, adjourned, or continued.  If that occurs, the updated hearing date shall be posted on the Settlement Website but, other than the website posting, Defendants will not be required to provide any additional notice to Class Members.

11.     In the event that the proposed settlement as provided in the Settlement Agreement is not granted final approval by the Court, then the Settlement Agreement, and all drafts, negotiations, discussions and documentation related thereto and orders entered by the Court in connection therewith shall become null and void.  In such event the Agreement and all negotiations and proceedings related thereto shall be withdrawn without prejudice to the rights of any and all parties thereto, who shall be restored to their respective positions as of the date of the execution of the Agreement.

Dated:

                          SO ORDERED:

                          _____

                          Hon. Peter G. Sheridan
                          United States District Judge

**EXHIBIT F**

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**
THIS NOTICE ADVISES YOU OF A PROPOSED CLASS ACTION SETTLEMENT
CONCERNING CALLS MADE TO YOU BY OR ON BEHALF OF ATLANTIC WATER
PRODUCTS OR HOME DEPOT.  THIS NOTICE PROVIDES A WEBSITE, TELEPHONE
NUMBER, AND ADDRESS WHERE YOU CAN OBTAIN INFORMATION IN ORDER TO
SUBMIT A CLAIM FORM.

**THIS NOTICE MAY AFFECT YOUR LEGAL RIGHTS.  PLEASE READ IT
CAREFULLY**

*Manopla v. Home Depot USA, Inc., et al*
*United States District Court for the District of New Jersey,*
Case No. 3:15-cv-01120-PGS-TJB

**THIS NOTICE ONLY PROVIDES LIMITED INFORMATION ABOUT THIS
SETTLEMENT**

Your rights may be affected by a proposed class action settlement of claims against Home Depot
USA, Inc. ("Home Depot") and Atlantic Water Products, Inc. d/b/a Atlantic Water and Air
("AWP") (collectively "Defendants") for a violation of the Telephone Consumer Protection Act,
47 U.S.C. § 227, et seq. (the "TCPA").  The settlement would resolve a lawsuit in which Plaintiffs
assert TCPA claims against Defendants.  Specifically, Plaintiffs claim Defendants violated the
TCPA by calling Plaintiffs' telephone using an artificial or prerecorded voice utilizing an
automatic telephone dialing system without obtaining prior express consent to do.  Plaintiffs
resolved this lawsuit on their own behalf and **on behalf of all persons or entities within the
United States who received any telephone calls from or on behalf of Defendants or their
agents and/or employees made through the use of any automatic telephone dialing system or
with an artificial or prerecorded voice between October 16, 2013 and June 1, 2015.**
Defendants deny the allegations in the lawsuit in their entirety but have agreed to settle the case to
avoid the costs of litigation.  You received this Notice because records indicate that you received
calls between October 16, 2013 and June 1, 2015.

The Settlement provides eligible Settlement Class Members to receive a one-time estimated
minimum payment in the amount of    _____  .  To receive this payment, you must timely complete
and submit a Claim Form and forward it to the administrator by either email to _____ or online
via the Settlement Website no later than _____, 2019, or by mail postmarked no later than
_____, 2019.  You may obtain complete information about the Settlement (including the
Long Form Notice and Claim Form) and deadlines by visiting the Settlement Website at
_____ or telephoning _____.

If you do not wish to be a part of this Settlement, you may exclude yourself.  If you do not exclude
yourself, you will be bound by the Settlement and all Orders of the court.  As a result, you will no

longer be able to sue or continue to sue the Defendants about the claims covered by the Settlement. To request exclusion, you must mail your request in writing, postmarked no later than _____, 2019, to the Claims Administrator at _____, c/o _____. The Court, located at 402 E. State Street, Trenton, NJ 08608, will conduct a hearing on whether to approve the Settlement on _____, 2019, and if approved, to determine what amount of fees and expenses should be awarded to class counsel and the class representatives.  If you do not exclude yourself, you or your own lawyer may ask to appear and speak at the hearing at your own cost. You may object to the Settlement in advance of the hearing by following the procedure set forth in the Long Form Notice.  Your objection must be received by _____.