UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AARON MANOPLA and EVELYN MANOPLA, on behalf of themselves and all other similarly situated<br><br>                   Plaintiffs,<br><br>v.<br><br>HOME DEPOT USA, INC., ATLANTIC WATER PRODUCTS and JOHN DOES 1-25,<br>                   Defendants. | Civil Action No. 3:15-cv-01120-PGS-TJB<br><br>**FINAL JUDGMENT APPROVING SETTLEMENT** |

The Court having held a Final Approval Hearing on September 23, 2019 at 11:00am, notice of the Final Approval Hearing having been duly given in accordance with this Court's Order (1) Conditionally Certifying a Settlement Class, (2) Preliminarily Approving Class Action Settlement, (3) Approving Settlement Notice Plan, and (4) Setting Final Approval Hearing for Settlement, and having considered all matters submitted to it at the Final Approval Hearing and otherwise, and for good cause appearing therefore,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1. The Settlement Agreement and Release, including its exhibits, fully executed on May 10, 2019, and the definitions contained therein are incorporated by reference in this Order. The terms of this Court's Order Granting Motion for Preliminary Approval (Dkt. No. 102) are also incorporated by reference in this Order.

2. This Court has jurisdiction over the subject matter of this Action and over the Parties pursuant to 28 U.S.C. §§ 1331 and 1332, including all members of the Settlement Class certified for settlement purposes in this Court's Preliminary Approval Order.

1

3. The Settlement Class means: All persons or entities within the United States who received any telephone calls from or on behalf of Defendants or their agents and/or employees made through the use of any automatic telephone dialing system or with an artificial or prerecorded voice between October 16, 2013 and June 1, 2015. Excluded from the Settlement Class are the Judge to whom this Action is assigned and any member of the Judge's staff and immediate family, as well as all persons who are validly excluded from the Settlement Class. All Persons who validly excluded themselves from the Settlement Class are not Class Members as that term is defined and used herein, and shall not be bound by this Final Approval Order or any release provided herein. To date there have been one (1) request for exclusion.

4. No Class Member has filed objections to the Settlement and the Court finds that the Settlement, taken as a whole, is fair, reasonable and adequate to all concerned.

5. The Court hereby finds that the Settlement Agreement is the product of arm's-length settlement negotiations between Plaintiff and Class Counsel, on the one hand, and Defendant and its counsel on the other hand.

6. The Court hereby finds and concludes that Class Notice was disseminated to members of the Settlement Class in accordance with the terms set forth in the Settlement Agreement and this Court's Preliminary Approval Order (Dkt. No. 102).

7. The Court hereby finds and concludes that the Notice Program and claims submission procedures fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, and constitute the best notice practicable under the circumstances. The Court further finds that the Notice Program provided individual notice to all members of the Settlement Class who could be identified through reasonable effort and supports the Court's exercise of

jurisdiction over the Settlement Class as contemplated in the Settlement and this Order.

8. This Court hereby finds and concludes that the notice provided by Defendant pursuant to 28 U.S.C. § 1715(b) substantially complied with the requirements of that statute, no federal or state authorities submitted any inquiry or objection about the settlement in response to the CAFA notice despite sufficient time to inquire about the settlement or file objections, and, therefore, no Settlement Class Member may avoid the settlement on the basis of alleged noncompliance with 28 U.S.C. § 1715(b).

9. The Court finds that the Settlement's terms constitute, in all respects, a fair, reasonable, and adequate settlement as to all Settlement Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure, and directs its consummation pursuant to its terms and conditions. Plaintiff, in its role as Class Representative, and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement. Accordingly, the Settlement Agreement is hereby finally approved in all respects, and the Parties are hereby directed to perform its terms. The Parties and Settlement Class Members who were not excluded from the Settlement Class are bound by the terms and conditions of the Agreement.

10. Class Counsel have moved pursuant to Fed. R. Civ. P. 23(h) and 52(a) for an award of attorneys' fees and reimbursement of expenses. Pursuant to Rules 23(h)(3) and 52(a) this Court makes the following findings of fact and conclusions of law:

(a) that the Class Settlement confers substantial benefits on the Settlement Class Members;

(b) that the value conferred on the Settlement Class is immediate and readily quantifiable, as upon this Judgment becoming Final (as defined in the Agreement), Settlement Class Members

who have submitted valid Settlement Claim Certification Forms will receive cash payments that represent a fair portion of the damages that would be available to them were they to prevail in an individual action under the Telephone Consumer Protection Act ("TCPA");

(c) that Class Counsel vigorously and effectively pursued the Settlement Class Members' claims before this Court in this complex case;

(d) that the Class Settlement was obtained as a direct result of Class Counsel's advocacy;

(e) that the Class Settlement was reached following extensive negotiation between Class Counsel and counsel for Defendant, and was negotiated in good-faith and in the absence of collusion;

(f) that Settlement Class Members were advised in the Class Notice approved by the Court that Class Counsel intended to apply for an award of attorneys' fees in an amount of up to thirty percent (35%) of the Cash Settlement Fund plus expenses incurred in the prosecution of this litigation up to a maximum of $50,000, to be paid from the Cash Settlement Fund;

(g) that no member(s) of the Settlement Class has (have) submitted written objection(s) to the award of attorneys' fees and expenses;

(h) that counsel who recover a common benefit for persons other than himself or his client is entitled to a reasonable attorneys' fee from the settlement fund as a whole. See, e.g., *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); *Blurn v. Stenson*, 465 U.S. 866, 900, at n. 16 (1984);

(i) Accordingly, Class Counsel are hereby awarded $1,522,500 from the balance of the Cash Settlement Fund as their fee award, which the Court finds to be fair and reasonable, and which amount shall be paid to Class Counsel from the Settlement Fund in accordance with the terms of the Agreement;

(j) Accordingly, Class Counsel are also awarded $30,824.70 from the balance of the Cash Settlement Fund as reimbursement of out of pocket expenses, which the Court finds to be fair and reasonable, and which amount shall be paid to Class Counsel from the Settlement Fund in accordance with the terms of the Agreement; and

(k) Class Counsel shall be responsible for allocating and shall allocate these awards of attorneys' fees, costs, and expenses amongst and between Class Counsel.

11. The Court finds the payment of a service award in the amount of $7,500 to each Settlement Class Representative ($15,000 in total) to be fair and reasonable. Accordingly, the Settlement Class Representatives are hereby awarded $7,500 each to be paid from the Class Settlement Fund pursuant to and in the manner provided by the terms of the Settlement Agreement.

12. The Court finds that payment of $ _139,950.37_ to KCC Class Action Services, LLC *PGS* for administration costs to be fair and reasonable. Accordingly, KCC is hereby awarded $_139,950.37_, such amount to be paid from the Cash Settlement Fund pursuant to and in the manner provided by the terms of the Settlement Agreement.

13. The Settlement Class described in paragraph 3 above is hereby finally certified, for purposes of effectuating the Settlement and this Order and Final Judgment.

14. The requirements of Rule 23(a) and (b)(3) have been satisfied for settlement purposes, for the reasons set forth herein. The Settlement Class is so numerous that joinder of all members is impracticable; there are questions of law fact common to the class; the claims of the Class Representative are typical of the claims of the Settlement Class; the Class Representative will fairly and adequately protect the interests of the class; the questions of law or fact common to class members predominate over any questions affecting only individual members; and a class

action is superior to other available methods for fairly and efficiently adjudicating the controversy between the Settlement Class Members and Defendant.

15. This Court hereby dismisses this Action, with prejudice, without costs to any party, except as expressly provided for in the Settlement Agreement.

16. The Claims Adminstrator is directed to distribute the consideration to the Settlement Class pursuant to the terms of the Agreement.

17. Plaintiff and each and every one of the Settlement Class Members unconditionally, fully, and finally release and forever discharge the Released Parties from the Released Claims as provided for in the Settlement Agreement.

18. Each and every Settlement Class Member, and any person actually or purportedly acting on behalf of any Settlement Class Member(s), is hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting, or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum, against the Released Parties. This permanent bar and injunction is necessary to protect and effectuate the Agreement, this Final Judgment and Order of Dismissal, and this Court's authority to effectuate the Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

19. The Settlement Agreement (including, without limitation, its exhibits), and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, of any liability or wrongdoing, by Defendant, or of the truth

of any of the claims asserted by Plaintiff, and evidence relating to the Settlement Agreement shall not be discoverable or used, directly or indirectly, in any way, whether in this Action or in any other action or proceeding, except for purposes of enforcing the terms and conditions of the Settlement Agreement, the Preliminary Approval Order, and/or this Order.

20. In the event that any provision of the Settlement or this Final Judgment and Order of Dismissal is asserted by Defendant as a defense in whole or in part to any claim, or otherwise asserted (including, without limitation, as a basis for a stay) in any other suit, action, or proceeding brought by a Settlement Class Member or any person actually or purportedly acting on behalf of any Settlement Class Member(s), that suit, action or other proceeding shall be immediately stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion. Solely for purposes of such suit, action, or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum. These provisions are necessary to protect the Agreement, this Order and this Court's authority to effectuate the Agreement, and are ordered in aid of this Court's jurisdiction and to protect its judgment.

21. By incorporating the Settlement Agreement and its terms herein, the Court determines that this Final Judgment complies in all respects with Federal Rule of Civil Procedure 65(d)(1).

22. Finding that there is no just reason for delay, the Court orders that this Final Judgment and Order of Dismissal shall constitute a final judgment pursuant to Rule 54 of the

Federal Rules of Civil Procedure. The Court orders that, upon the Effective Date, the Settlement shall be the exclusive remedy for any and all Released Claims of Plaintiff and each and every Settlement Class Member. The Clerk of the Court is directed to enter this Order on the docket forthwith.

23. In an appeal, writ proceeding or other challenge is field as to this Final Approval Order, and if thereafter the Final Approval Order is not ultimately upheld, all orders entered, stipulations made and releases delivered in connection herewith, or in the Settlement Agreemetn or in connection therewith, shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

24. Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement.

Dated: 2/20/2020

SO ORDERED:

_____
Hon. Peter G. Sheridan
United States District Judge